MORRONE v. SOUTHERN PAC. CO.

LOCCISANO et al. v. SAME.

Nos. 6092, 6093.

District Court, S. D. California,
Central Division.

April 30, 1947.

Culbert L. Olson and John W. Olson, both of Los Angeles, Cal., for plaintiff.

C. W. Cornell, O. O. Collins, Malcolm Archbald, and John R. Allport, all of Los Angeles, Cal., for defendant Southern Pac. Co.

McCORMICK, District Judge.

In two actions pending in this court entitled as above stated damages are sought

by plaintiffs against defendant railroad company.

The alleged causes of action as stated in the complaints pertain to an accident which occurred at a public highway crossing of railway tracks at which a collision occurred between a train and an automobile. The pleadings raise issues of negligence and of contributory negligence.

The instant proceedings before the court are identical motions by plaintiffs respectively for an order directing the defendant to produce and permit counsel for the plaintiffs to inspect and copy or make photographs of the following documents in the possession, custody and control of defendants:

"The accident reports of the conductor, engineer, fireman and brakeman of defendant's train Number 1 (westbound) which struck the automobile and killed the decedents named in the complaints in the above entitled actions, and for whose deaths plaintiffs pray for judgment for damages sustained by them by reason and on account of the deaths of the said decedents. Said documents include all reports made by telegraph and by other written statements to any of the defendant's offices, and what is usually designated as No. 2611 Report by the Conductor, Engineer, Fireman and Brakeman of said Train No. 1 regarding the happening of said accident and said train's delay on account of said accident.

"The Time Slip and Delay Report of Conductor Robert G. Shoenberger of defendant corporation's train No. 44 (eastbound), which met defendant corporation's train No. 1 (westbound) at Kaiser Siding, the location of the accident in question at about the time said accident occurred."

The motions, projected under Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, are supported by affidavits which state that such documents constitute and contain evidence material to the issues involved in the actions and necessary to the proper preparation of plaintiffs' cases. Specifically it is averred that the documents asked for are reports made by the operatives of defendant's trains in the regular course of defendant's business under its general rule F, requir-

ing reports to its Operations Department by its train operatives of all accidents and unusual conditions affecting the movements of its trains, and other rules of the defendant requiring delay reports in the form of time slips by the conductors of its trains.

The supporting affidavits further represent situations at the time and place of the accident respecting the movement of two trains proceeding and passing each other in opposite directions which elucidate vital legal and factual issues in the actions under applicable decisions of the State courts of California.

■ We think that the concrete situation presented by the affidavits and disclosed by the pleadings in these actions warrant the application of Rule 34 at this time. The fact that plaintiffs have heretofore invoked other discovery procedures provided by other Rules of Civil Procedure does not preclude them from recourse to Rule 34 where, as here, the information sought has not already been disclosed or revealed, and its necessity appears from a "showing of cause." Hickman, etc. v. Taylor et al., 67 S.Ct. 385.

None of the material to which the instant motions are directed can be properly characterized as information secured by the defendant's counsel in the course of preparation for possible litigation after a claim has arisen. cf. Hickman, etc. v. Taylor, supra.

■ The broad interpretation of Rule 34 that is to be applied in proper cases is indicated in the concurring opinion in Hickman, etc. v. Taylor, supra [67 S.Ct. 397], by the following: "The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, [87 L.Ed. 645, 144 A.L.R. 719]. Nor should I think they ordinarily could be evidence for the plaintiff. But such a statement might be useful for impeachment of the witness who signed it, if he is called and if he departs from the statement. There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such state-

216

ments be made available. Production of such statements are governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing."

It is to be noted that the use of the material to which these motions are directed is solely a matter to be considered and determined at the time of the trial of the actions, but it is clear that the showing made in the instant cases justifies the granting of the motions, and it is accordingly so ordered.

Inasmuch as the trial of the actions is set for May 6, 1947, defendant's counsel and defendant's agents, attorneys, officers and employees will produce the documents mentioned herein and exhibit the same to plaintiffs' attorneys Friday, May 2, 1947, at 2 p. m. at the offices of defendant's attorneys, 670 Pacific Electric building, Los Angeles, California, at which time and place plaintiffs' attorneys will be given opportunity to make copies of said documents or any of them, or to make photostatic copies thereof, at the expense of plaintiffs exclusively.