Raymond N. **HEISELMOYER**

v.

**PENNSYLVANIA RAILROAD COMPANY.**

Civ. No. 14446.

United States District Court, E. D. Pennsylvania.

Dec. 30, 1954.

---

3. 8 Del.C. § 321.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion by counsel for the plaintiff under Rule 34, 28 U.S.C., for the production of statements of witnesses whose depositions have been taken.

The basic problem involved here revolves around Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Alltmont v. United States, 3 Cir., 177 F.2d 971 and the many cases too numerous to mention following the principles therein adverted to.

Plaintiff, in support of his motion, relies largely upon Reynolds v. United States, 3 Cir., 192 F.2d 987, 991 and Morrone v. Southern Pac. Co., D.C., 7 F.R.D. 214. In the former case the statement was allowed largely because the Appellate Court agreed with the District Court's finding that the "statements and the report of the board's investigation undoubtedly contain facts, information and clues which it might be extremely difficult, if not impossible, for the plaintiffs with their lack of technical resources to obtain merely by taking the depositions of the survivors".

In the latter case the court held that signed statements must be produced for inspection upon a showing of good cause, such as impossibility or difficulty of access to witnesses or their refusal to respond to requests for information and the need for such statements for impeachment purposes.

While the plaintiff is entitled to have first-hand information as to every relevant fact in order to properly conduct its examination of witnesses and reach the truth in the preparation of its case for trial, a careful reading of the depositions taken herein, especially that of William B. Dempsey, I am convinced, shows that the whole aura surrounding their taking, mocked the orderly process of a fair hearing and thus precluded any showing of good cause.

Accordingly, in view of the record as here presented, it is the court's opinion that good cause has not been shown, and the plaintiff's motion is denied.