Ivan C. PETERSON and Florence O.
Peterson et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. RI–294–RI–301.

United States District Court,
S. D. Illinois, N. D.

June 11, 1971.

318

———◆———

Ira J. Melaas, Jr., Rock Island, Ill., for plaintiffs.

Herbert Grossman, Trial Atty., Dept. of Justice, Washington, D. C., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for defendant.

## DECISION AND ORDER ON OBJECTIONS TO DISCOVERY

ROBERT D. MORGAN, District Judge.

These consolidated actions are brought individually to recover alleged overpayment of federal income taxes for the calendar years of 1962 and 1963. In those years the plaintiffs[1] purchased corporate stock of the Financial Security Life Insurance Company under stock option agreements. The pleadings show that as a result of a review and audit of plaintiffs' returns, the Treasury Department determined that plaintiffs owed additional tax. The determination was based in each case upon the Government claim that the option price paid was less than the value of the stock purchased, and that the plaintiffs to whom the option had been granted were employees of the corporation. Thus, ordinary income

---

1. Plaintiffs in each case are apparently husband and wife taxpayers who had filed joint returns. For the sake of simplifying the discussion, the term "plaintiffs" will be used to refer to actions taken by either the wife or the husband even though both are plaintiffs and only one of them may have actually acted.

was claimed to have been realized by the plaintiffs to the extent of the differences between price and value. The plaintiff taxpayers elected to pay the additional tax and have brought these suits to recover the alleged overpayments.

This court has original subject matter jurisdiction of the suits under 28 U.S.C. § 1346(a) (1).

In the course of discovery, the defendant has made several objections to the plaintiffs' requests. A hearing has been held on such objections and briefs have been filed and considered.

The defendant has objected to the following discovery items:

I. *Requests for Admissions Nos. 1 through 7.* Request No. 1 states that the Government has accepted values for the Financial Security Life Insurance Company stock purchased by other directors under the option program at similar times and dates as those involved in this action, and that such values are different from the values claimed in this action. Requests Nos. 2 through 7 state specific times at which the defendant has accepted such different valuation and the value claimed in the present suit for such times.

II. *Interrogatories Nos. 6 through 8.* Interrogatory No. 6 requests a detailed description of the contents and subject matters contained in a certain report or reports prepared by Mr. S. E. Saruk, an appellate conferee with the Chicago District of Internal Revenue Service (IRS), concerning the valuation of the option stock purchased by the plaintiffs. The interrogatory states that a copy of any such report could be substituted for the description. Interrogatory No. 7 makes an identical request with regard to a certain report or reports prepared by a Mr. McCullough, an appellate conferee with the Springfield, Illinois, office of IRS, concerning the valuation of option stock purchased by taxpayers not parties to this suit. Interrogatory No. 8 requests a detailed description of the contents and subject matter of the audits prepared by IRS field agents of the plaintiffs' income tax returns for the years in question, as each audit relates to valuation of the option stock purchased by the plaintiffs.

III. The taking of the deposition of the said Mr. McCullough.

I.

The objection to the plaintiffs' Requests for Admissions Nos. 1 through 7 is founded on rule 26(b) (1) of the Federal Rules of Civil Procedure. Under this rule, "Parties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action,* * * *.*" Fed.R.Civ.P. 26(b) (1) (Emphasis added). It is the defendant's contention that plaintiffs' Requests for Admissions are not relevant because the requests refer to agreed upon values for the purposes of settlement and that the terms of such agreements are not admissions of value. At the hearing on February 25, 1971, plaintiffs' counsel indicated that he was relying on the fact that the Government had accepted some Form 870-AD agreements from other directors of the Financial Security Life Insurance Company who had exercised stock options granted to them. These Form 870-AD agreements were apparently all accepted at the Springfield, Illinois, office of the IRS.

The defendant has provided this court with a copy of a Form 870-AD. Based on the language thereof and the cases cited to the court by the defendant, it is clear that the acceptance of such a form is by no means anything more than a compromise or settlement. Cf. Uinta Livestock Corp. v. United States, 355 F. 2d 761 (10th Cir. 1963). The Form 870-AD on its face recites that it is a waiver of the restrictions on assessment and a consent to the assessment and collection of deficiencies. Any such compromise or waiver and consent entered into by the Government with other taxpayers, not parties to these actions, can have no relevance to the issues in these cases. It is

therefore this court's determination that the plaintiffs may not have discovery regarding the matters in its Requests for Admissions Nos. 1 through 7 under rule 26(b)(1).

## II.

Plaintiffs' Interrogatories Nos. 6 and 8 pertain to the discovery of documents prepared by IRS employees relating to the plaintiffs' alleged tax overpayments. Interrogatory No. 7 involves reports relating to taxpayers not parties to the consolidated actions before the court. For that reason, the objections will be treated separately.

Through Interrogatories Nos. 6 and 8, the plaintiffs request a detailed description of the contents of reports prepared by Mr. Saruk, an IRS appellate conferee, and the contents of audits prepared by IRS field agents as such reports relate to the valuation of the option stock purchased by the plaintiffs to this consolidated action. The defendant objects to any such discovery under rule 26(b)(3) of the Federal Rules of Civil Procedure, asserting that such documents are work product and the plaintiffs have not made the required showing. Also, it asserts that the documents consist entirely of mental impressions, conclusions, opinions or legal theories of representatives of the Government, which are protected by rule 26(b)(3), even if the required showing is made.

New rule 26(b)(3) reads in pertinent part as follows:

" * * * a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3).

The only things protected by rule 26(b)(3) are "documents and tangible things." It is clear to this court that discovery of a detailed description of the contents of documents through interrogatories is equivalent to the discovery of the documents themselves. The discovery sought by plaintiff through the interrogatories is therefore covered by rule 26(b)(3).

The federal discovery rules were substantially changed July 1, 1970. The key to the changes, which is pertinent to the issues here, is that the requirement of "good cause" is eliminated from matters covered by old rule 34. C. Wright & A. Miller, 8 Federal Practice and Procedure § 2024, at 199 (1970). Documents and tangible things which are not trial preparation material are therefore routinely discoverable if they are relevant. There is no question raised with regard to the relevancy of the documents sought to be discovered through plaintiffs' Interrogatories Nos. 6 and 8. Thus, the first question that must be answered by the court in considering the defendant's objection to those interrogatories is whether such documents were prepared "in anticipation of litigation or for trial."

The only indication before the court that the documents were so prepared are conclusory statements by counsel for the Government. The Government has neither shown nor offered to show that such documents are trial preparation material. Generally, it is this court's belief that IRS appellate conferee reports and IRS field agent reports

are not prepared in anticipation of litigation or for trial. Presumably they are prepared in the assessment and review process and, if they be held to be in anticipation of litigation, it is hard to see what would not be. Litigation cannot be anticipated in every such case when relatively few result in litigation. Since no showing to the contrary has been made or offered, it is this court's finding that the contents of the documents sought to be discovered by the plaintiffs through Interrogatories Nos. 6 and 8 are not trial preparation material and are not protected from discovery by rule 26(b) (3).

■ The defendant Government's argument that the documents sought to be discovered consist entirely of mental impressions, conclusions, opinions or legal theories of representatives of the Government which are protected by rule 26 (b) (3) is answered by the findings above. The language of rule 26(b) (3) clearly shows that protection afforded to mental impressions, conclusions, opinions or legal theories is limited to documents that are trial preparation material. The documents of which discovery is sought herein have been found not to be trial preparation materials and thus are not protected by rule 26(b) (3) merely because they may contain mental impressions, conclusions, opinions and legal theories.

The Government has intermingled with its 26(b) (3) contentions a public policy argument based on a case decided prior to the 1970 amendments to Federal Rules of Civil Procedure. The case, Southern Ry. Co. v. Lanham, 403 F.2d 119 (5th Cir. 1968), held discoverable witnesses' statements contained in a railway accident investigator's report while it protected the investigator's evaluations. The basis of the protection afforded such evaluations was the fear that

'discovery might deter it [the railroad] from seeking full and candid evaluations of the cause of accidents and the proper disposition of claims. * * * As a result, * * * effec-

tive accident evaluation may be impaired and the prevention of future accidents hampered." Southern Ry. Co. v. Lanham, *supra* at 131.

The *Lanham* case is clearly distinguishable from the case at hand. First of all, this court is not here concerned with the possible impairment of the prevention of future accidents as was the *Lanham* court. Also, the court there was deciding the "good cause" showing required under old rule 34 to obtain evaluations in accident investigation reports. It was held that the showing required was the same as that required by Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), for attorney work product. It seems clear to this court that the accident reports prepared by the railroad agents in the *Lanham* case were very likely considered by that court to have been made in anticipation of litigation. Such is not the situation here.

■ Furthermore, the Government argues that a full and candid evaluation by its employees would be deterred if the court allowed the discovery sought. This argument is not persuasive. The purpose of IRS audits and appellate conferee investigations is to determine whether the investigated taxpayer should be assessed additional tax and to determine what such assessment should be. In this court's view, the mere fact that such government documents may be discoverable in some possible subsequent litigation would not, and should not, have any significant effect on the validity of such documents.

■ The free discovery of materials which are not trial preparation material or otherwise privileged is favored under the Federal Rules of Civil Procedure. Such rules "are to be accorded a broad and liberal treatment * * *" Hickman v. Taylor, *supra* at 507, 67 S.Ct. at 392. The Government, through its objections to Interrogatories Nos. 6 and 8, is seeking a favored position under the discovery rules. In a tax refund case,

however, it should be treated as any other litigant. Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D. Ohio 1964). Rule 26(b) (3) does not impose any limitation on the discovery sought through plaintiffs' Interrogatories Nos. 6 and 8, and this court is unwilling to impose any such limitations.

■ Plaintiffs' Interrogatory No. 7 requests a detailed description of a certain report or reports prepared by Mr. McCullough, an appellate conferee with the Springfield, Illinois, office of the IRS, concerning the valuation of option stock of the Financial Security Life Insurance Company purchased by directors who are not parties to this suit. The grounds supporting the Government's objections to this discovery are identical to those asserted in support of its objections to Interrogatories Nos. 6 and 8. Again, this court does not see any basis for sustaining such objection under rule 26(b) (3). Nevertheless, in support of other objections to discovery, the Government has pointed out a federal statute and a strong public policy consideration requiring that income tax return information in the possession of the Government be held confidential. 26 U.S.C. § 7213(a); Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900). The court finds that this consideration is applicable here. Documents containing evaluations of income tax returns of taxpayers who are not parties to litigation should not be discoverable by parties to the suit absent a strong showing of need. The plaintiffs herein have made no such showing. The defendant is excused from answering Interrogatory No. 7.

### III.

Mr. McCullough is an appellate conferee with the Springfield, Illinois, office of the IRS. He apparently was involved to some extent in evaluating the tax returns of directors of Financial Security Life Insurance Company, both plaintiffs and nonparties to any of these suits, who exercised their stock options during the calendar years 1962 and 1963. In its objection to furnishing him for deposition, the defendant recites that plaintiffs' counsel has stated that the purpose of taking the deposition is to elicit the information requested in plaintiffs' Interrogatory No. 7 and in plaintiffs' Requests for Admissions Nos. 1 through 7.

This court has already held that information regarding compromises or consent and waiver forms accepted by the Government from taxpayers who are not parties to this action is irrelevant. Thus, any question asked of Mr. McCullough tending to establish that such compromises were made need not be answered under rule 26(b) (1).

Based on this court's ruling with regard to the plaintiffs' Interrogatory No. 7, it is clear that defendant's objection should be sustained to the extent that the plaintiffs' attempt to elicit information contained in tax returns of persons who are not parties to this suit. The confidentiality of such information is the justification for this ruling.

■ Still, this court will not prohibit the taking of the deposition of Mr. McCullough by the plaintiffs. It seems clear to this court that if he was involved in the valuation of the option stock of Financial Security Life Insurance Company, he may very well know or have possession of facts which are relevant to the issues involved in this case which he can relate without disclosure of confidential information. Rule 26(b) (3) only pertains to the discovery of "documents or tangible things." It does not change the doctrine that one party may discover relevant facts known or available to the other party, even though such facts are contained in documents which are themselves not discoverable. Advisory Committee's Notes, 48 F.R.D. 501 (1970). Thus, Mr. McCullough may be asked on deposition whether he had occasion to make a valuation of the option stock for the relevant period, what facts he considered, what weight he gave to such facts, and why.

Accordingly, it is ordered that the defendant is excused from answering plaintiffs' Requests for Admissions Nos. 1 through 7, and its Interrogatory No. 7, and it is further ordered that defendant promptly answer plaintiffs' Interrogatories Nos. 6 and 8, and that Mr. McCullough submit to a deposition and answer questions relating to facts within his knowledge or in his possession relating to the valuation of Financial Security Life Insurance Company stock for the relevant period to the full extent possible without disclosure of specific confidential information.