**THOMAS ORGAN CO., Plaintiff,**

v.

**JADRANSKA SLOBODNA PLOVIDBA, and the Vessels ALKA, JADRO and ZENICA, their engines, tackle, etc., Defendants.**

**No. 71 C 2273.**

United States District Court,
N. D. Illinois, E. D.

March 17, 1972.

Warren C. Ingersoll, Lord, Bissel & Brook, Chicago, Ill., for plaintiff.

Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

The plaintiff in this admiralty lawsuit seeks to recover damages for cargo loss. In support of their theory that they incurred no liability because the cause of the damages was the plaintiff's improper design and packing of the shipped goods prior to shipment and the improp-

er handling of the goods after they left the defendants' custody, the defendants have requested the plaintiff to produce two documents written by a marine surveyor hired by the plaintiff's insurer who surveyed the damaged goods shortly after their arrival. The plaintiff has refused voluntarily to produce these documents and the defendants have moved the Court for an order compelling their production.

The plaintiff's complaint alleges that the defendant ocean carriers accepted for shipment in Italy cartons containing 2000 electronic organs in good condition which were delivered in Chicago in a seriously damaged condition. In seeking discovery to support their defenses, the defendants have sought from Mr. Frank B. Cartwright, the marine surveyor hired by the plaintiff's underwriters, Fireman's Fund American Insurance Companies (hereinafter referred to as "Fireman's Fund"), all of his notes, memoranda, photographs, and correspondence relating to the claim in question. The plaintiff, without objection, has turned over to the defendants all the documents in Mr. Cartwright's file, with the exception of two documents dated May 20, and October 7, 1970. The first of these two documents is a transcription of a dictation made by Mr. Cartwright and the second is a letter based in part upon that dictation which was made by Mr. Cartwright at the request of Mr. Frank Cristiano of Fireman's Fund. These are the two documents at issue in this motion.

As grounds for their motions to compel production, the defendants assert that the requested documents refer to and are relevant to the insufficiency of the packing of the goods. The defendants make no showing that they cannot obtain the substantial equivalent of the materials by other means "without undue hardship." The plaintiff contends that the defendants are not entitled to discovery of these documents without such a showing. The issue thus narrows to the question of whether the Federal Rules of Civil Procedure allow for such production only if the moving party can make a showing of undue hardship.

As amended in 1970, Rule 34(a), Fed. R.Civ.P., allows any party, without leave of court, to request another party to produce any designated document containing matters within the scope of Rule 26(b). Unlike the Rule 34 practice as it existed prior to the 1970 amendments, the moving party need not show "good cause," but must only satisfy the requirements of Rule 26(b). C. Wright and A. Miller, 8 Federal Practice and Procedure, § 2024, at 199 (1970). It is to this new rule, therefore, that we must turn.

Rule 26(b), which was also amended in 1970, is divided into three subdivisions. Subsection (b) (1) provides the general rule of thumb that anything is discoverable so long as it is relevant to the subject matter involved in the litigation. As the plaintiff admits that the documents sought by the defendants are relevant, they fall within the scope of discovery outlined by Rule 26(b) (1).

Subsection (b) (3) of Rule 26 provides in part:

> Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule *and prepared in anticipation of litigation or for trial* by or for another party or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. . . . (emphasis added)

Subsection (b) (4) provides that discovery of facts known and opinions held by experts, otherwise discoverable and "ac-

*quired or developed in anticipation of litigation or for trial"* can be obtained only by interrogatories upon the party who retained the expert who is expected to be called at trial, although the Court is empowered to order further discovery if this information is not sufficient.

■ As the plaintiff concedes that the documents are relevant and thus otherwise discoverable by the defendants without any further showing under subsection (b) (1), its only basis for objecting to the request is that the two documents were prepared in anticipation of litigation and that Mr. Cartwright is an expert who will be called at trial. Not surprisingly, the defendants contend the contrary. The precise issue which we must resolve, therefore, is whether these two documents were prepared in anticipation of litigation. If they were not, the defendants have satisfied the minimal burden of Rule 26(b) (1); if they were, the defendants have failed to satisfy the heavier burden for documents prepared in anticipation of litigation imposed by subsections (b) (3) and (b) (4) of Rule 26. To resolve this question, it will be necessary to resort to the history behind Rule 26(b) as amended and the particular facts of this case.

The purposes behind Rule 26(b) (3) as amended can be summarized as follows from a reading of the comments thereon by the Advisory Committee on Civil Rules of the Judicial Conference of the United States. *See,* 48 F.R.D. 487, 499–503. The Committee noted that one of the most vexing problems facing the courts in discovery matters arose out of the request for production of documents prepared in anticipation of trial. The courts had responded with two distinct, but often confused, doctrines. One approach recognized the work-product doctrine announced by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and stated that any document falling into the category of work-product would be discoverable only if the denial thereof would unduly prejudice the preparation of the other party's case. The other approach regarding materials prepared with an eye towards litigation was to require a party to make a showing of "good cause" under old Rule 34 before such materials were ordered to be produced even if the materials did not technically fall under the pristine concept of work-product; the closer the trial preparation documents approached being "true" work-product, the greater the showing of good cause which was required. The problems that these approaches created were confusion and disagreement as to whether "good cause" was synonymous with relevancy, whether the *Hickman* work-product doctrine covered trial preparation work of non-lawyers or whether it was limited to work actually done by an attorney, and the relationship of the old Rule 34 test and the work-product test of "undue prejudice" for requiring the productions of documents.

Through the amendment to Rule 26, the dilemmas mentioned above were eliminated although one nevertheless remains. Courts now have no need to relate the "good cause" test of old Rule 34 with the work-product test of "undue prejudice"; specific tests are provided for defining the type of showing needed for the obtaining of trial preparation materials; and there is no longer a need to define good cause at all if the documents do not involve trial preparation. In addition, the work-product rule was expanded by subsection (b) (3) specifically to cover trial preparation materials of non-lawyers, thus eliminating the prior confusion in this regard, *compare,* Alltmont v. United States, 177 F.2d 971, 976 (3rd Cir. 1949); cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1950), *with* Southern Ry. v. Campbell, 309 F.2d 569, 572 (5th Cir. 1962). This expansion by rule of the application of the restrictive work-product doctrine, however, applies by the terms of the Rule *when and only when* the materials

requested for production were prepared in anticipation of litigation or for trial.

The one enigmatic area of practice which was not ameliorated by the amendments to Rule 26 is the problem of determining in the context of any given case whether a report made by a non-lawyer may or may not be deemed as having been prepared in anticipation of litigation. The Advisory Committee noted in this regard that materials assembled in the ordinary course of business or for non-litigation purposes are not under the partial immunity granted by subsection (b) (3), 48 F.R.D. 487, at 501. Such materials, therefore, do not fall either under the work-product doctrine as it existed prior to 1970, Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 (4th Cir. 1963), or under new Rule 26, 4 Moore's Federal Practice ¶ 26.64[2].

■ Although they may no longer be deemed as precise precedent, the pre-1970 decisions that dealt with discovery of documents authored prior to the anticipation of litigation in the ordinary course of business are instructive. While occasionally ruling in a contradictory fashion and/or requiring a showing of good cause, the courts generally have held that statements or reports made by parties and their employees in the regular course of business are not work-product and should be produced for discovery when so requested by the opposing party. See, Goosman v. A. Duie Pyle, Inc., supra; Burns v. New York Central R. Co., 33 F.R.D. 309, 310 (N. D.Ohio 1963); United States v. Swift & Co., 24 F.R.D. 280, 282 (N.D.Ill.1959); Morrone v. Southern Pacific Co., 7 F.R. D. 214, 215 (S.D.Cal.1947); Durkin v. Pet Milk Co., 14 F.R.D. 385, 391–394 (W.D.Ark.1953); California v. United States, 27 F.R.D. 261, 262 (N.D.Cal. 1961); Burke v. United States, 32 F.R. D. 213, 214–215 (E.D.N.Y.1963); Newell v. Capital Transit Co., 7 F.R.D. 732, 734 (D.D.C.1948); Herbst v. Chicago, R.I. & P.R. Co., 10 F.R.D. 14, 18–19 (S. D.Iowa 1950); Szymanski v. New York,

N.H. & H. R.R., 14 F.R.D. 82, 83 (S.D. N.Y.1952); Brown v. N.Y., N.H. & H. R.R., 17 F.R.D. 324, 325 (S.D.N.Y.1955). Cf., Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55, 57–58 (N.D.Ohio 1953); Palensar v. Isthmian Steamship Co., 11 F.R.D. 552, 553 (S.D.N.Y.1951). See, also, C. Wright & A. Miller, 8 Federal Practice and Procedure, § 2024, at 197–199 (1970). As this rule of law has not been changed by the 1970 amendments with the exception of deleting the occasionally imposed good cause requirement, we conclude that any document which was prepared in the ordinary course of business and not in anticipation of trial or litigation is routinely discoverable without any showing of need under Rule 26(b) (1) and is not protected by Rule 26(b) (3) notwithstanding that it contains mental impressions, conclusions, opinions and legal theories. Accord, Peterson v. United States, 52 F.R.D. 317, 321 (S.D.Ill.1971).

We now turn to the facts of the instant litigation in our attempt to reach a logical construction of Rule 26(b) (3) as it should be applied herein. Mr. Cartwright is a marine surveyor hired by Fireman's Fund American Insurance Companies, plaintiff's insurer for the damaged goods, to conduct surveys of goods after discharge at Chicago. The first requested statement of Mr. Cartwright was dictated by him on or about May 20, 1970 and is separate from other factual data, surveys, and reports concerning the damaged organs which he authored for Fireman's Fund. The second requested document is dated October 7, 1970 and was written by Mr. Cartwright based upon his May 20th dictation to Mr. Frank Cristiano who works in the subrogation division of Fireman's Fund. In this letter, Mr. Cartwright allegedly placed his mental impressions, opinions, and conclusions regarding Thomas Organ Company's claim. Fireman's Fund did not pay Thomas Organ on this claim until December 23, 1970, more than two months after the letter

report was written and seven months after the statement was dictated. Plaintiff's attorney has admitted that Fireman's Fund's subrogation claim was not turned over to his office until December 30, 1970, and suit was not filed by Fireman's Fund in the name of Thomas Organ until September 16, 1971, more than eleven months later.

██ Based upon our review of the history of discovery practice under the Federal Rules prior to 1970 and the changes thereto outlined above, we conclude that the 1970 amendments to Rule 26 meant only to codify the rule of practice accepted by many courts that documents and investigative reports compiled by a nonattorney for an attorney and/or under his general direction in anticipation of litigation were protected from discovery absent the requisite showing of need. Although some courts had held that reports or statements acquired by a party or its agents in the ordinary course of business prior to the commencement or anticipation of litigation could not be discoverable without some showing of need (defined in either the "good cause" or the *Hickman* sense), *see, e. g.*, Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F. 2d 921 (4th Cir. 1962), by 1967, when the Advisory Committee undertook the reorganization of all discovery rules, the trend of the federal decisions had settled in the direction of requiring the production of reports made by parties and their agents in the regular course of business, i. e., not in conjunction with or for an attorney (thus indicating that such reports were not considered to be work-product), although a showing of good cause in the sense outlined in *Hickman* was still required for discovery of *trial preparation* reports made by nonlawyers. *See,* 4 Moore's Federal Practice ¶ 26.63 [8], at pp. 26–405–26–406, and cases cited therein. This trend which was followed in the framing of Rule 26(b) (3) compels the Court to conclude that *any* report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26(b) (3) and (b) (4).

██ By applying to the facts at hand the above rule derived from prior decisional authority and the history behind the 1970 amendments to the discovery rules, it becomes apparent that the two requested documents which were prepared by Mr. Cartwright months prior to the time when an attorney first became involved with this claim, were prepared in the ordinary course of business and, therefore, are discoverable without any showing of need under Rule 26.

In opposition to this conclusion, the plaintiff cites Congoleum Industries, Inc. v. GAF Corp., 49 F.R.D. 82 (E.D. Pa.1969) for the proposition that the work-product doctrine is applicable to preclude discovery of documents prepared prior to the consultation of an attorney so long as litigation is a contingency and identifiable at the time of the preparation of the documents because of specific claims that have already arisen. Not only does *Congoleum* not stand for the proposition for which it is cited because it, so far as this issue is concerned, did involve communications between an attorney and an agent of an attorney, *cf.,* Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968), but further, the communications in *Congoleum* directly concerned questions relating to what the defendants therein deemed to be a potential patent conflict with the plaintiff. Accordingly, the application of our above derived rule in the circumstances of *Congoleum* would yield the identical result reached by the Court therein, i. e., no discovery of these documents would

be allowed *without the requisite showing of need.*

If the rule of practice announced above were not accepted as controlling but rather the law were as suggested by the plaintiff, i. e., that after a claim has arisen, litigation may be deemed a contingency and any document prepared after such a claim has arisen is prepared in anticipation of litigation as concerns Rule 26(b) (3) irrespective of whether an attorney in the role of counsellor has been consulted, hardly any document authored by or for an agent of an insurance company could ever be discoverable without the showing of substantial need and undue hardship required by subsection (b) (3) of Rule 26. An insurance company by the nature of its business is not called into action until one of its insured has suffered some form of injury and has a potential claim against some other party and/or the insurer itself. At this point, the insurer must conduct a review of the factual data underlying the claim, presumably through the talents of agents or employees who summarize the data for middle- or upper-management, the latter deciding whether to resist the claim, to reimburse the insured and seek subrogation of the insured's claim against the third party, or to reimburse the insured and forget about the claim thereafter. The logical absurdity of the plaintiff's position is that, under its theory, the amendments to the discovery rules which were believed to be a liberalization of the scope of discovery would be a foreclosure of discovery of almost all internal documents of insurance companies relating to the claims of insureds. We do not believe that Rule 26(b) (3) was designed to so insulate insurance companies merely because they always deal with potential claims. If this were true, they would be relieved of a substantial portion of the obligations of discovery imposed on parties generally that are designed to insure that the fact finding process does not become reduced to gamesmanship that rewards parties for hiding or obscuring potentially significant facts.

Once we have determined that no document authored prior to the consultation of an attorney may be deemed to have been prepared in anticipation of litigation, it follows that the documents requested by the defendants for production were not prepared in anticipation of litigation, even though they may contain Mr. Cartwright's impressions, conclusions, and opinions. Peterson v. United States, *supra.* The defendants' motion for an order compelling the production of the two documents, therefore, must be granted.

Even if the defendants' motion is not determined by application of the general rule derived above, we nevertheless believe that the identical result must be reached under Rule 26(b) (3) and (b) (4) from looking at the facts of this particular case without the aid of such general rule. The determination which we must then make is whether or not the documents sought were prepared in anticipation of litigation.

The plaintiff asserts that these documents were not assembled in the ordinary course of a routine survey but were written "in anticipation of claims against the [defendant] vessel[s] and stevedoring interests." The mere fact that Fireman's Fund may have anticipated the possibility of pursuing a subrogation claim against the defendants herein is a far cry from anticipating litigation. Since Mr. Cartwright's statement and letter were written months prior to the time Fireman's Fund ever paid Thomas Organ Company on its claim, months prior to the time it received a subrogation agreement from Thomas Organ Company, months prior

to the time it turned over its claims to its attorney, and approximately a year prior to the date suit was actually filed, Fireman's Fund's speculative contemplation of possible litigation hardly fits these documents within the accepted concept of work-product. It is a fact of common knowledge that an overwhelming majority of claims asserted by parties generally are amicably resolved and that only a very small portion of them rise to the level of disputes, let alone to the level of lawsuits. If every time a party prepared a document in the ordinary course of business to guide claim handling, this document was deemed to be prepared in anticipation of litigation, it is difficult to see what would be discoverable. *Cf.*, Peterson v. United States, *supra*, 52 F.R.D. at 320–321.

Based upon the dates on which these documents were authored and the fact that they were written by an agent of Fireman's Fund at the request of one of its employees who is not an attorney prior to the time that the insurer paid its claim to the insured and before it possessed any legal right regarding the claim at all, we conclude that these documents were, in the context of this particular case, not prepared in anticipation of litigation notwithstanding the plaintiff's most vague and conclusory statements to the contrary, standing, as they do, without any support therefor through affidavits. Accordingly, the defendants do not have to meet the requirements of subsections (b) (3) and (b) (4) of Rule 26. As the plaintiff has conceded that the documents are relevant, the general requirements of Rule 26(b) (1) have been satisfied and the defendants are entitled under Rule 34 to the production of these documents.

An appropriate order will enter granting the defendants' motion for an order compelling production.