John W. HOPKINS and Joseph Martinowski, Plaintiffs,

v.

CHESAPEAKE UTILITIES CORPORATION, a Delaware corporation, Defendant and Third-Party Plaintiff,

v.

TEAL CONSTRUCTION, INC., a Delaware corporation, and Chesapeake and Potomac Telephone Company of Maryland, a corporation of the State of Maryland, Third-Party Defendants.

Superior Court of Delaware, New Castle.

Dec. 15, 1972.

Howard Berg, of Berg, Taylor & Komissaroff, Wilmington, for plaintiffs.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for third-party defendant Chesapeake and Potomac Telephone Co. of Maryland.

## OPINION

CHRISTIE, Judge.

The present action involves the question of whether an internal administrative memorandum may be discovered under Civil Rule 26, Del.C.Ann., which corresponds exactly to the Federal Rule of the same number. Production of the memorandum involved in the present dispute was requested by plaintiffs, John W. Hopkins and Joseph Martinowski from Chesapeake and Potomac Telephone Company of Maryland (hereinafter referred to as "telephone company"), third-party defendant.

Briefly stated, the facts and circumstances underlying the present motion are as follows. Plaintiffs brought an action against Chesapeake Utilities on account of injuries alleged to have been sustained in an accident in a manhole which was being constructed for the telephone company by Teal Construction Company, an independent contractor. Chesapeake Utilities thereafter joined the telephone company and Teal Construction Company as third-party defendants.

The telephone company has filed answers to interrogatories directed to it by Chesapeake Utilities. In its response to such interrogatories, the telephone company identified an internal administrative memorandum and supplement which had been prepared shortly after the accident by

its construction foreman supervisor, Richard A. Grubb, and submitted to the division construction superintendent. The memorandum was prepared from information gathered by Mr. Grubb from conversations with an inspector for the telephone company, Robert L. Money, and employees of Teal Construction Company. Mr. Grubb was not on the scene at the time of the accident and he took no written statements from witnesses. Chesapeake Utilities has subsequently taken the depositions of Messrs. Grubb and Money, and plaintiffs have taken the deposition of the Teal Construction Company foreman, Homer Sparks.

As grounds for its motion to compel production, plaintiffs assert two alternative arguments. First, they contend that the contents of the memorandum are relevant to the subject matter involved in the pending action, not privileged, and not prepared in anticipation of litigation or for trial so as to allow discovery under Civil Rule 26(b)(1). In the alternative, plaintiffs argue that, even if the memorandum was prepared in anticipation of litigation or for trial, it has met the required showing of "substantial need" of the materials in the preparation of its case and inability without "undue hardship" to obtain the substantial equivalent of the materials by other means.

I find that under the circumstances here present production would be required under each theory.

The telephone company does not contest the relevancy of the memorandum to the subject matter of the pending action, but it does argue that the memorandum was prepared in anticipation of litigation and that the showing of substantial need and of inability to get the information by other means without hardship as required by Civil Rule 26(b)(3) has not been met.

A specific issue presently before this Court is whether the internal administrative memorandum has been shown to have been prepared in anticipation of litigation. If it was not prepared in anticipation of litigation, plaintiffs have satisfied the minimal burden imposed by Civil Rule 26(b)(1); but if it was prepared in anticipation of litigation, it must then be decided whether plaintiffs have met the heavier burden imposed by Civil Rule 26(b)(3).

The Federal Rules Advisory Committee has noted in this regard that materials assembled in the ordinary course of business or for non-litigation purposes are not under the partial immunity granted by Federal Rule 26(b)(3). See 48 F.R.D. 487, 501.

■ While occasionally ruling in a contradictory fashion and/or requiring a showing of good cause under the old rules, the courts generally have held that statements or reports made by parties and their employees in the regular course of business are not work product and should be produced for discovery when so requested by the opposing party. See 8 Wright and Miller, Federal Practice and Procedure: Civil § 2024 at 199–200; and cases cited in Thomas Organ Co. v. Jadranska Slobodna Plovidba, 54 F.R.D. 367, 371 (N.D.Ill.1972). It continues to be the rule under the amended Federal Rules and the Delaware counterparts that any document which was prepared in the ordinary course of business and not in anticipation of trial is discoverable without any showing of need under Civil Rule 26(b)(1).

■ It appears that the memorandum at issue in this case was prepared according to defendant's general practice of investigating all accidents as soon as possible after they occur. In other words, the statements were received in the regular course of the telephone company's business activities. I am of the opinion that reports obtained under such circumstances are not secured in anticipation of litigation, within the meaning of Civil Rule 26(b)(3).

■ The Court does not accept the proposition that a factual memorandum prepared with the general knowledge that a suit may follow the incident being investigated is prepared in anticipation of trial within the meaning of the amended rules.

I find such a proposition inconsistent with the clear intent of the drafters of the amendments to the rules to allow more liberal discovery. I hold that the internal factual memorandum was prepared in the ordinary course of business and is discoverable under Civil Rule 26(b) (1).

In reaching this decision, the Court has not disregarded the holding in Southern Railway Company v. Lanham, 403 F.2d 119 (5th Cir. 1968), cited by the telephone company. In the *Lanham* case, *supra,* the court ruled that an internal investigative report containing a claim agent's evaluation of the cause of an accident was not discoverable since

> ". . . disclosure of the *opinions* and recommendations contained in these reports could prove disadvantageous to the railroad, and the fear of discovery might deter it from seeking full and candid evaluations of the cause of accidents and the proper disposition of claims."

(Emphasis added) Southern Ry. Co. v. Lanham, *supra,* at 131.

The present case is distinguishable since the memorandum sought to be produced does not include the opinion of Mr. Grubb as to the cause of the accident.

This Court does not find persuasive the argument that discovery of such memorandums will deter proper settlements of claims. To the contrary, this Court believes that to allow such discovery will aid and encourage settlements of claims.

In any event it is anticipated that responsible businessmen and corporations will continue to investigate mishaps which occur in the course of business.

■ In this case at bar, even if the report in question had been deemed to have been prepared in anticipation of litigation it would, nevertheless, be deemed to be subject to discovery under Civil Rule 26(b)(3) since, in my opinion, the required showing has been made. Rule 26(b)(3) requires a showing (1) that the party seeking discovery has substantial need of the materials in the preparation of his case and (2) that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

■ There is a substantial body of authority suggesting that statements taken at or about the time of the occurrence described in them are unique in that they provide an immediate impression of the facts and, therefore, the mere lapse of time is in itself considered to be enough to justify production of materials which might otherwise be protected as work product. See cases cited in 8 Wright and Miller, Federal Practice and Procedure: Civil § 2025, footnote 83 at 221. The Advisory Committee in drafting Rule 26(b)(3) also appears to have accepted the notion that lapse of time in itself may make it impossible to obtain the substantial equivalent of the materials sought since when discussing the case of Southern Ry. Co. v. Lanham, *supra,* it noted:

> "The analysis of the court suggests circumstances under which witness statements will be discoverable. The witness may have given a fresh and contemporaneous account in a written statement while he is available to the party seeking discovery only a substantial time thereafter." 48 F.R.D. at 501.

Mere lapse of time, therefore, may often be found to be sufficient.

■ However, a specific ruling that the passage of time in this case satisfies the requirements of the rule is not here required. There is no doubt that production should be ordered if the witness now has a faulty memory and can no longer remember details of the event. See 8 Wright and Miller, Federal Practice and Procedure: Civil § 2025, footnote 82 at 220. Evidence that the recollections of those involved in the present case have dimmed and that they cannot remember details of the events of the accident is found in statements to such effect in their depositions. Thus, this Court rules that a witnesses' inability to

clearly remember details is a sufficient showing to meet the requirement of the discovery rule in that such inability to clearly remember indicates that it would not be possible to obtain the information by other means.

Finally, the Court is convinced that a proper showing has been made by plaintiffs of substantial need of the materials in preparation of its case since they had shown the importance of the materials sought to be produced.

In announcing the rulings contained herein I am mindful of the fact that a number of unreported decisions have been made from the bench or in letters by Judges of this Court taking what may appear to be varying positions on the discoverability of internal memorandums. If any of these unreported decisions cannot be reconciled with the holdings herein on account of differing factual situations, I decline to apply them here.

The telephone company has been ordered to make the internal memorandum prepared by Mr. Grubb available to plaintiffs.