**John C. CONLEY, Plaintiff,**

v.

**Nancy V. GRAYBEAL, Defendant.**

Superior Court of Delaware,
New Castle.
Jan. 8, 1974.

Jan S. Black, Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff.

F. Alton Tybout, Tybout, Redfearn & Schnee, Wilmington, for defendant.

## OPINION

WRIGHT, Judge.

The present action raises an issue as to whether a sketch of an accident scene made by an employee of defendant's insurance company and a transcription of a recorded interview of defendant taken by such an employee are discoverable under Civil Rule 26, Del.C.Ann. which corresponds exactly to the Federal Rule of the same number.

Briefly stated, the facts and circumstances underlying the present motion to compel production are as follows. Plaintiff, John C. Conley, brought an action against Defendant, Nancy V. Graybeal, for injuries alleged to have been caused by an automobile accident which took place on January 20, 1972.

In answers to interrogatories directed to her, defendant identified the two documents described above and related that they were now in her attorney's possession. Plaintiff alleges that the undated sketch was prepared by an insurance company employee several months prior to the filing of suit; the statement is alleged to have been given by the defendant five days after the accident. Both documents are alleged to have been prepared prior to any consideration of plaintiff's claim by an attorney. The chronology of events is not disputed by defendant.

As grounds for its motion to compel production, plaintiff in part contends that the documents were not prepared in anticipa-

tion of litigation or for trial so that they were subject to discovery under Rule 26(b)(1). I agree.

It has previously been held in this jurisdiction that, under similar factual circumstances, statements given to an insurance adjuster by the defendant prior to intercession of legal counsel and not guided in any way by an attorney or by one charged with preparing litigation were discoverable upon motion of the plaintiff. Brandywine Shoppe Inc. v. State Farm Fire & Cas. Co., 307 A.2d 806 (Del.Super.1973). In reaching its conclusion, this Court cited the ruling of the U. S. District Court, N.D.Illinois, E.D. that "*any* report or statement made by or to a party's agent . . . which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of . . . Rule 26(b)(3) . . . " Thomas Organ Co. v. Jadranska Slobodna Plovidba, 54 F.R.D. 367, 372 (D.C.Ill.1972). Similarly, statements made by defendant driver to his claims adjuster were held discoverable by the United States Court of Appeals, 4th Circuit in McDougall v. Dunn, 468 F.2d 468 (C.A.4 1972). The *Thomas* case cited above was cited as a proper statement of the test to be applied in determining whether materials were prepared in anticipation of trial or litigation.

In this case, it appears that the diagram and statement of defendant were both prepared by the insurance company employee in the regular course of his duties requiring him to make a thorough investigation of the accident. It is also apparent from the circumstances that they were in no way prepared by or at the request of an attorney.

In defendant's brief opposing the motion for disclosure, it is urged that this Court adopt a ruling which would virtually protect all statements and materials gathered by insurance companies in the course of their preliminary investigations. The Court in *Thomas*, supra, rejected the argument noting than an overwhelming majority of claims are amicably resolved and also noting that if every document prepared to guide claim handling was deemed to be prepared in anticipation of litigation it would be difficult to see what would be discoverable.

Further, this Court has previously rejected the proposition that materials prepared with the general knowledge that a suit may follow the incident being investigated are prepared in anticipation of trial within the meaning of the amended rules, finding such to be inconsistent with the intent of the drafters to allow more liberal discovery. Hopkins v. Chesapeake Utilities Corp., 300 A.2d 12 (Del.Super.1972). Accordingly, I find that the materials were prepared in the ordinary course of business and are discoverable under Civil Rule 26(b)(1).

Defendants are directed to produce the materials requested by plaintiff.

It is so ordered.