INDUSTRIAL MARITIME CARRIERS, INC., Plaintiff,

v.

PT (PERSERO) INKA, Defendant.

INDUSTRIAL MARITIME CARRIERS, INC., Third–Party Plaintiff,

v.

LOGISTEC CORPORATION, Third–Party Defendant.

TRENTON WORKS, LTD. and Trenton Works, Ltd., a Greenbrier Company, Plaintiff,

v.

M/V CLIPPER MANDARIN, her engines, machinery, tackle, apparel, etc., and, Dockendale Shipping Company, Ltd., and Industrial Maritime Carriers (Bahamas), Inc., Defendants.

DOCKENDALE SHIPPING COMPANY, and Industrial Maritime Carriers (Bahamas), Inc., Third–Party Plaintiffs,

v.

LOGISTEC CORPORATION, Third–Party Defendant.

Civil Action Nos. 96–7982, 96–8127.

United States District Court, E.D. Pennsylvania.

June 25, 1998.

**154**

Ann-Michele Higgins, Rawle & Henderson, Michael P. Zipfel, Rawle and Henderson, Philadelphia, PA, for Industrial Maritime Carriers, Inc.

George R. Zacharkow, Mattioni, Mattioni & Mattioni, Ltd., Phila, PA, for PT (Persero) Inka, Trenton Works, Ltd., a Greenbrier Company.

James F. Young, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for M/V Clipper Mandarin, her engines, machinery, tackle, apparel, etc., Dockendale Shipping Company, Ltd.

### MEMORANDUM AND ORDER

HART, United States Magistrate Judge.

Presently before the court is a "Motion for a Protective Order," filed by Industrial Maritime Carriers, Inc., ("IMC"), the charterer of the M/V Clipper Mandarin. PT (Persero) Inka, the purchaser of the damaged railroad bogies, sought to depose Patrick Irwin, the marine surveyor representing IMC during the initial survey of the Clipper Mandarin when she was docked in Philadelphia. IMC seeks a protective order, prohibiting Inka from taking Mr. Irwin's deposition, claiming that he is an expert witness that IMC does not intend to call at trial. Hence, in order for Inka to depose Mr. Irwin, IMC argues that, pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), Inka must show that it would be impracticable for it to obtain the information Mr. Irwin possesses from any other source. (IMC Motion, at 2). Inka contends that Mr. Irwin is merely a fact witness, not an expert witness, and the heightened standard imposed by Rule 26(b)(4)(B) is inapplicable.

■ Most of the maritime cases dealing with surveyors' observations and conclusions involve the discoverability of reports made by marine surveyors shortly after accidents, as opposed to the depositions of those surveyors. *See St. James Stevedoring Co., Inc. v. Femco Machine Co.,* 173 F.R.D. 431 (E.D.La.1997); *Spaulding v. Denton,* 68 F.R.D. 342 (D.De.1975); *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (N.D.Ill.1972). The principles announced in these cases, however, are equally applicable to the question of whether such a surveyor may be deposed. If the reports were prepared "in anticipation of litigation," they are discoverable only upon the heightened showing of substantial need and inability to obtain the information by other means, pursuant to Federal Rule of Civil Procedure 26(b)(3). *St. James,* at 432 (citing *Insurance Company of North America v. M/V Savannah,* 1995 WL 608295 *1 (S.D.N.Y.1995)); *Spaulding,* at 343; *Thomas Organ,* at 368. Conversely, reports produced in the ordinary course of business are freely discoverable. By parity of reasoning, we must decide whether the knowledge and conclusions of

Mr. Irwin, as to which Inka now seeks oral discovery, were acquired or formed "in anticipation of litigation," or "in the ordinary course of business."

Applying the law to a report—a piece of paper containing a date—is fairly easy.

Typically, the focus is on (1) whether the report was prepared at the request of counsel, as opposed to the party itself or the party's insurer; and (2) whether the report was prepared before or after litigation commenced. *Thomas Organ* at 367. It is a bit more complicated to apply the law to anticipated oral discovery, which may well involve relevant knowledge by the witness acquired during time periods both protected and unprotected by FRCP 26(b)(4)(B). Morever, the one case we have found that deals directly with the deposition of a maritime surveyor, as opposed to production of his report, fails to address the fact that such a surveyor may begin his involvement in a case as an unprotected fact witness, yet later assume the mantle of a protected, non-testifying, expert.

In *Chiquita International, Ltd. v. M/V Bolero Reefer*, 1994 WL 177785 (S.D.N.Y. 1994), the court was asked to decide if a marine surveyor, not anticipated to be called at trial, could be deposed by the opposing party. The court found that the marine surveyor was an expert witness, not anticipated to be called at trial, and concluded that the surveyor could not be deposed. In coming to its conclusion, the court found:

> the relevant distinction is not between fact and opinion testimony but between those witnesses whose information was obtained in the normal course of business and those who were hired to make an evaluation in connection with expected litigation.

*Chiquita*, 1994 WL 177785 at *1.

What the court failed to consider, unfortunately, was that the marine surveyor may have been acting in the ordinary course of business before he was retained as an expert in anticipation of litigation, in which case, applying the *Chiquita* court's reasoning, the information obtained in the ordinary course of business would be discoverable.

██ Applying this standard to Mr. Irwin's deposition, those observations that he made

prior to being retained as an expert "in anticipation of litigation" are discoverable. However, any investigation that he may have undertaken after being so retained, and any opinions he may have relayed and conclusions he may have drawn as part of that retention, are not discoverable except upon a showing of need and inability to obtain the information from other sources. In this case, neither side has proffered specific evidence as to when IMC anticipated litigation. However, Inka provided the court with messages received from the Clipper Mandarin, at sea, and a joint report from the surveyors. Both the messages from sea and the joint surveyors' report focus on securing the cargo for the remainder of the trip, not on assessing liability for purposes of litigation. (Exhibits 1 and 3, attached to Inka's Response). It seems clear that these observations of Mr. Irwin, made on his initial inspection of the Clipper Mandarin, were made in the ordinary course of business.

Further support for this conclusion is the fact that Mr. Irwin was retained by IMC and the insurance carrier.

> Where shortly after a casualty an insurance company retains a surveyor to conduct an investigation which will assist insurers in [paying an assured's just claim, or defending the assured from liability asserted by another], they are simply doing business as usual, and the documents generated thereby are not protected from discovery. Were the rule otherwise, ... documents prepared by or at the request of an insurance company, during the course of the insurance company's ordinary business of claim handling would shield from discovery all documents falling within that category by a ritualistic incantation of "anticipation of litigation."

*St. James*, at 432 (quoting *M/V Savannah*, 1995 WL 608295 at *1).

Therefore, to the extent Inka seeks to depose Mr. Irwin concerning his observations on his initial tour of the Clipper Mandarin, the motion for a protective order shall be denied. However, to the extent Inka seeks to question Mr. Irwin concerning any facts

he discovered or conclusions he reached after that tour, the motion shall be granted.