THE BRANERTON CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5040-73.     Filed May 7, 1975.

*Stephen L. Packard,* for the petitioner.

*D. Ronald Morello* and *Thomas E. Bulleit, Jr.,* for the respondent.

DAWSON, *Chief Judge:* This matter is before the Court on petitioner's motion to compel production of documents pursuant to Rule 72, Tax Court Rules of Practice and Procedure. Oral arguments on the motion, together with the testimony of three witnesses, were heard on February 5, 1975. Written memoranda of law were filed by both parties. The documents in question were submitted to the Court for its in camera inspection.

The history of this case may be summarized as follows: A statutory notice of deficiency was mailed to petitioner on April 20, 1973. The adjustments therein related to (1) additions to a

reserve for bad debts, (2) travel, entertainment, and miscellaneous expenses, (3) taxes, and (4) depreciation. A petition was filed in this Court on July 2, 1973, and an answer was filed by respondent on September 26, 1973. On January 2, 1974, petitioner's counsel served on respondent written interrogatories which by our opinion in *Branerton Corp.,* 61 T.C. 691 (1974), respondent was not compelled to answer except after informal consultation or other communication between the parties. On August 5, 1974, petitioner served on respondent a request for production of documents pursuant to Rule 72, Tax Court Rules of Practice and Procedure,[1] which is the subject of this opinion. On September 23, 1974, respondent made some documents available to petitioner for inspection but raised objections to other documents sought. On September 24, 1974, petitioner filed a motion to compel respondent to produce those documents not already produced. After a hearing thereon the Court took the motion under advisement.

Petitioner seeks the production of two revenue agent reports and related audit workpapers; two district conferee reports; an appellate conferee's report; two conference memoranda; and each and every other document prepared by respondent's employees pertaining to the audit of petitioner's Federal income tax returns for taxable years ended March 31, 1967, 1968, and 1969. Respondent has objected to their production on the multiple grounds that portions thereof were prepared in anticipation of litigation; they contain opinions, mental impressions, reasonings, and conclusions which cannot feasibly be separated from facts therein; they are subject to governmental privilege; they are subject to the attorney-client privilege; their relevancy has not been established by petitioner; and, finally, that petitioner's request for each and every other document prepared by respondent's employees regarding the audit of petitioner's returns is so broad, vague, and ambiguous that respondent cannot comply.

Under Rule 72 any party may, without leave of Court, serve on any other party a request to inspect and copy any designated documents to the extent they are in the possession, custody, or control of the requested party. The request may set forth the items to be inspected either by individual item or by category with reasonable particularity. Where an objection is made to part

---

[1] All references to the Rules herein are to the Tax Court Rules of Practice and Procedure, effective Jan. 1, 1974.

of an item or category, the requesting party may obtain a ruling on the objection by filing a motion with this Court. In this case the respondent is the objecting party and bears the burden of establishing that his objections to petitioner's request for production should be sustained by this Court.

Petitioner seeks to inspect documents in the possession and control of respondent in an attempt to help substantiate claimed travel, entertainment, tax, depreciation, and other miscellaneous deductions. Petitioner also seeks to show that certain additions to its reserve for bad debts in each year were reasonable. Petitioner has a particularly heavy burden on the latter issue, for not only must it be shown that the addition to its reserve for bad debts was reasonable but also that the adjustment by respondent which reduced its allowable reserve constituted an abuse of discretion by respondent. *Westchester Development Co.*, 63 T.C. 198, 211 (1974); *James A. Messer Co.*, 57 T.C. 848, 864-865 (1972); *Massachusetts Business Development Corp.*, 52 T.C. 946, 951 (1969). The exact mathematical method utilized by the Commissioner's employees to calculate an allowable bad debt reserve may be shown by a taxpayer to be wholly unwarranted and an abuse of discretion where its use violates a regulation promulgated on this subject. In *Westchester Development Co., supra* at 211, the taxpayer was able to bear the heavy burden of proof on the bad debt reserve issue by pointing to exact calculations used by the Commissioner's employees resulting in the disallowance of the claimed reserve. The discretion in issue was that of individual employees of the respondent; the result of its exercise produced an unwarranted adjustment as found by this Court. Thus, proof of conduct of persons setting up adjustments to claimed bad debt reserves, which may be reflected in the workpapers of such persons, may well be an indispensable element of petitioner's case-in-chief here. Mindful of the distinct and heavier burden of proof which the petitioner must meet on the bad debt reserve issue, we will now consider respondent's objections to petitioner's motion to compel production of the specified documents.

Respondent's first objection to production of the requested revenue agent reports, audit workpapers, district conferee reports, the appellate conferee report, and conference memoranda is that these documents were prepared in anticipation of litigation, or, in other words, that they constitute nondiscoverable "work

product." The general provisions relating to the scope of discovery under Rule 72 are contained in Rule 70. Under Rule 70(b) information sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case. Objections to discovery of information because it might be inadmissible at trial will not be sustained where such information appears reasonably calculated to lead to the discovery of admissible evidence. In addition, information involving an opinion or contention relating to facts or the application of law to facts is discoverable, but the Court may order that such information be supplied later in the development of the case. As indicated in the Note to Rule 70, these provisions were adapted primarily from Federal rules 26(b)(1) and 33(b). With certain exceptions, the scope of allowable discovery under Rule 72 is intended to parallel the scope of allowable discovery under the corresponding Federal rule 34.

The Notes to Rule 70(b) indicate that "work product" is generally intended to be outside the scope of discovery under our new Rules. Respondent states that in each instance the documents sought contain, among other things, statements concerning all issues unresolved between the parties at the audit, district, and appellate levels of review. Moreover, he asserts that these unagreed issues were thereafter reflected in the statutory notice of deficiency issued to petitioner after its preparation by the Appellate Division with a recommendation by the Regional Counsel's Office. Respondent submits that when an issue becomes unresolved at any stage of the administrative processes of the Internal Revenue Service, then litigation is anticipated.

Respondent notes correctly that our opinion in *P. T. & L. Construction Co.*, 63 T.C. 404 (1974), dealt with the issue of work product by emphasizing the lack of proof introduced there by respondent to support this objection to production of a special agent's report and an appellate conferee's report. To avoid this pitfall in the instant case, respondent produced evidence and the testimony of three witnesses. One witness testified that the duties of a revenue agent include assignment of a return to be audited, preparation of work records in connection with that audit, and discussion of the proposed adjustments with the taxpayer or his representative. Thereafter, the revenue agent prepares a report indicating the adjustments to income as reported on the return

and the nature of the adjustments he proposes to make. This is given to the taxpayer. In addition, the revenue agent prepares a confidential report, a transmittal letter (T-letter) which is not given to the taxpayer. The main purpose of the T-letter is to provide a place to summarize unagreed issues and to present information of a confidential nature, including statements and facts involving allegations of fraud, remarks reflecting upon the integrity, motives, or ability of the taxpayer, information obtained from informants, a discussion of litigating problems, and the Service's position on unagreed issues, as well as any third-party information obtained from the returns of other taxpayers. The revenue agent's comments on this information are also contained in the T-letter. If a case is unagreed at this level, and the taxpayer does not seek a district or appellate conference, a statutory notice of deficiency will be issued. On the other hand, a taxpayer may request a district conference. The duties of a district conferee include review of the revenue agent's report, related workpapers, researching case law, determining the Service's position, and rendering his opinion and conclusion. In an unagreed case the district conferee prepares a report which is not sent to the taxpayer and is similar to the revenue agent's T-letter. This report is then forwarded to the Appellate Division if the taxpayer requests an appellate conference, or to a review staff for issuance of a statutory notice of deficiency if no appellate conference is requested. The duties of an appellate conferee include evaluation of evidence, researching the issues, holding conferences with the taxpayer, making a determination as to the tax liability, and preparing a report, which may thereafter be forwarded to Regional Counsel's office together with a statutory notice of deficiency for consideration of the propriety of the issuance of such notice. Upon the concurrence of Regional Counsel, who is the attorney for the Commissioner, a statutory notice of deficiency will be issued. When a statutory notice of deficiency is sent to Regional Counsel for concurrence and advice, it is accompanied by the entire administrative file including the proposed statutory notice of deficiency, the appellate conferee's report, the tax returns, the revenue agent's report, and the district conferee's report. Upon receipt of the proposed notice of deficiency from the Appellate Division, the Regional Counsel attorney handling the case makes a determination as to litigation of the case.

Mr. Aaron Blumenfeld was the district conferee. He conducted the district conferences in the instant case for the taxable years ended March 31, 1967, 1968, and 1969. No portion of his report was given to petitioner. There was no agreement at the district conference level. None of the revenue agent's findings were changed by Mr. Blumenfeld in his report, nor were there any new facts in his report not already contained in the revenue agent's report.

Mr. Aaron Mednick was the appellate conferee who conducted the appellate conferences in this case. No agreement was reached with petitioner on any of the issues in dispute. Mr. Mednick then prepared a report based on the revenue agent's report, the district conferee's report, and his own conferences with representatives of petitioner. The general format of his report consisted of a supporting statement, including a statement of the issues, a statement of the settlement proposal, a statement of the facts, argument, and conclusion. The supporting statement need not contain a repetition of the facts where the record is already complete in that respect. Mr. Mednick's report included his analysis, his conclusions, and his recommendation that a statutory notice of deficiency be issued. His report was then forwarded for review to the Assistant Chief of the Appellate Division, and was ultimately forwarded to Regional Counsel, along with the administrative file. Mr. Barry Gordon was the Regional Counsel attorney who reviewed the proposed statutory notice of deficiency and approved its issuance.

Respondent argues that the protection of materials prepared in anticipation of litigation has been extended to materials prepared by nonlawyers. *Alltmont v. United States,* 177 F. 2d 971 (3d Cir. 1949); *Almaguer v. Chicago, Rock Island & Pacific Railroad Co.,* 55 F.R.D. 147 (D. Neb. 1972); *Howard v. Seaboard Coastline Railroad Co.,* 60 F.R.D. 638 (N.D. Ga. 1973). Thus, in *Weir Foundation v. United States* (S.D.N.Y. 1972, 29 AFTR 2d 72-1225), affd. per curiam (2d Cir. 1974, 35 AFTR 2d 75-538), the District Court held that revenue agents' reports and appellate conferee reports were made in anticipation of litigation. Respondent attempts to distinguish our opinion in *P.T. & L. Construction Co., supra,* and the decision of the District Court in *Peterson v. United States,* 52 F.R.D. 317 (S.D. Ill. 1971), as based on a failure of proof. In view of the testimony and evidence presented here, respondent contends that there is an unbroken

chain beginning with the revenue agent's T-letter and ending with the recommendation of the appellate conferee, as concurred in by Regional Counsel, that a statutory notice of deficiency be issued, after which a taxpayer may petition this Court or pay the tax and sue for refund. He says that the first link in the chain in which litigation may be anticipated is the failure to reach agreement at the audit level, and this is reflected in the revenue agent's T-letter. This chain, it is asserted, is unbroken at the district level if no agreement is reached, and continues through the appellate level, ending with the Regional Counsel attorney. Moreover, it is pointed out that the revenue agents' reports, district conferee's reports, and appellate conferee's report were forwarded to Regional Counsel for his use in the litigation of this case. If a taxpayer does not elect to appeal from the audit or district or appellate resolution of his unagreed case, a statutory notice of deficiency would be issued at such stage and litigation may ensue. Because of this possibility, it is respondent's position that at any stage where a case is unagreed, litigation may be anticipated.

Petitioner acknowledges that the documents it seeks are reports prepared at the various levels of the settlement procedure by persons who determine whether a deficiency in tax is warranted. Petitioner submits, however, that several factors demonstrate that these documents were not prepared in anticipation of litigation. First, they are routinely prepared in each case and before the commencement of any law suit. Reports and communications made regarding a subject matter under investigation in the ordinary course of business are not privileged either in the hands of the person who caused such investigation to be made or in the hands of his attorney to whom they have been transmitted. Hence, petitioner argues that they do not fall into the category of work product, citing *Hickman v. Taylor,* 329 U.S. 495 (1947), and *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (N.D. Ill. 1972). Second, petitioner argues that the requested documents are not prepared by or at the direction of an attorney who would try the case if litigation should develop. Third, if the reports are impartial between a taxpayer and the Government, then they are not designed to be adversary in nature. Fourth, the case to be tried would be developed by respondent's trial counsel from all available facts and theories whether or not they were conceived and expressed

by respondent's employees at various prior stages of the settlement process. Fifth, they are the result of evidence submitted by both the taxpayer and the Government rather than solely the product of the Government's own investigative work. Citing *Abel Investment Co. v. United States*, 53 F.R.D. 485 (D. Neb. 1971), petitioner urges that appellate conferee reports and revenue agent reports are not prepared in anticipation of litigation, especially where relatively few result in litigation. Petitioner also cites respondent's own published description of its Appellate Division as one whose function is to resolve tax controversies without litigation, while the function of its Audit Division is to encourage and achieve the highest possible degree of voluntary compliance by taxpayers. Statement of Organization and Functions, secs. 1113.52 and 1113.53, 1974-1 C.B. 440.

The landmark case on what will be considered "work product" is *Hickman v. Taylor, supra,* and its holding was incorporated in the Note to our Rule 70(b). That case defined "work product" as the files of an attorney as reflected in interviews, mental impressions, personal beliefs, and other materials except for those material facts which are shown to be relevant and nonprivileged. Thus, if materials are prepared by an attorney in anticipation of litigation they will be nondiscoverable. If not so prepared, they are discoverable as a matter of right, assuming relevance and lack of privilege. More recently, as respondent points out, courts have protected documents prepared by persons *at the direction of* an attorney on the ground that they constitute the attorney's work product. Such is not the case here. Instead, we are presented with facts showing that certain reports were not requested by or prepared for an attorney, and they do not reflect use of an attorney's expertise. See *Thomas Organ Co. v. Jadranska Slobodna Plovidba, supra.* The reports sought by petitioner more closely resemble documents prepared in the ordinary course of business. The two revenue agent reports and related audit workpapers, the two district conferee reports, memoranda, and the appellate conferee report were not prepared by or at the direction of an attorney. Such documents may under certain circumstances be prepared in anticipation of litigation. But that is not the situation in this case because the preparers were not attorneys acting as counsel, and they were not acting pursuant to the directions of an attorney in preparing the reports. Absent a clear showing of more direct participation by an attorney in the

preparation of the documents requested, we will not sustain respondent's contention that they constitute nondiscoverable work product.

Respondent's second objection to petitioner's motion to compel production is that the documents sought contain opinions, mental impressions, reasonings, and conclusions which cannot feasibly be separated from the facts therein. We think this objection is substantially similar to the "work product" defense raised by respondent. See 4 Moore, Federal Practice, par. 26.64[3], p. 26-416 (2d ed. 1948); Wright, Federal Courts, ch. 10, sec. 82, p. 360 (2d ed. 1970); *P. T. & L. Construction Co., supra* at 409-410. Since respondent has not shown that the documents in question are entitled to protection from discovery as "work product," the mere fact that they contain opinions, mental impressions, reasonings, or conclusions is not sufficient in our opinion to warrant protection from discovery. Moreover, as we noted earlier, the scope of discovery under Rule 72 is intended to encompass opinions or contentions relating to facts or the application of law to facts, assuming relevance and lack of privilege. Thus, we will not sustain respondent's second objection to petitioner's motion to compel production.

Respondent's third objection is that the documents requested are protected from discovery by an attorney-client privilege. The attorney-client privilege protects only "work product" of an *attorney.* The privilege applies to material obtained by or at the direction of an attorney, and only if the material was obtained in preparation for trial. Wright, Federal Courts, sec. 82, p. 365 (2d ed. 1970). A document already in existence or prepared without reference to the obtaining of legal advice is not protected by the attorney-client privilege. Routine reports of employees which are not prepared primarily for purposes of legal advice or for litigation are generally conceded not to be privileged. The documents sought by petitioner, as we discussed earlier, do not fall into the category of "work product." They were not prepared by or at the direction of an attorney, but were in fact in existence prior to any review of them by an attorney in the Regional Counsel's office. Since the documents are not the work product of an attorney, we will not sustain respondent's objection that the district conferee, appellate conferee, or memoranda of conference reports are protected by an attorney-client privilege.

Respondent's fourth objection is that the documents are subject to governmental privilege. As we noted in *P. T. & L. Construction Co., supra* at 409, this is a qualified privilege that may protect certain statements of governmental officials from disclosure. Statements of advice, deliberation, and recommendation will not be discoverable where they are shown to be more personalized and judgmental, exposure of which might cause adverse public opinion.

Respondent submits that to allow petitioner to inspect these documents will thwart effective operations of the Internal Revenue Service which require free and candid expression of reasoning, opinions, and conclusions so that reviewers and ultimate decision makers have all the information necessary to make a given decision. He urges that the long range public interest is best served by protecting internal documents from discovery. Several cases are cited in which documents were protected because they contained recommendations, opinions, and conclusions subject to governmental privilege. *Simons-Eastern Co. v. United States*, 354 F. Supp. 1003 (N.D. Ga. 1972); *Weir Foundation v. United States* (S.D.N.Y. 1972, 29 AFTR 2d 72-1225); *Environmental Protection Agency v. Mink*, 410 U.S. 73, 86 (1973); *ISI Corp. v. United States* (N.D. Cal. 1972, 31 AFTR 2d 73-635), affd. (9th Cir. 1974, 34 AFTR 2d 74-5770); *Kaiser Aluminum & Chemical Corp. v. United States*, 157 F. Supp. 939, 946 (Ct. Cl. 1958). Respondent also points to the Freedom of Information Act, 5 U.S.C. section 552(b)(5), and cases thereunder, as an example of the general judicial and legislative acceptance of governmental privilege.

Although respondent makes a persuasive argument for protecting the requested documents, we see the uniquely heavy burden of proof petitioner bears on the bad debt reserve issue as striking a balance in favor of limited discovery in the instant case. As a general rule, this Court will not look behind a deficiency notice to examine the propriety of respondent's administrative policy or procedures. *Greenberg's Express, Inc.*, 62 T.C. 324 (1974); *Estate of David Smith*, 57 T.C. 650 (1972), affd. 510 F. 2d 479 (2d Cir. 1975). However, this general rule is subject to exceptions, e.g., where such procedures might involve violation of constitutional rights. *Efrain T. Suarez*, 58 T.C. 792 (1972). In our opinion the instant case presents another exception, where procedures utilized by respondent in

determining an allowable bad debt reserve must be scrutinized to decide whether they constituted an abuse of discretion. Petitioner's need for information about the procedures utilized by respondent on the bad debt reserve issue is strong and outweighs in this case any need of respondent to protect the documents requested from disclosure. We noted earlier that no new facts were contained in the district conferee's report, nor do any appear in the report of the appellate conferee. More specifically, no new facts or comments on the bad debt reserve issue appear in those documents prepared after the revenue agent's report was compiled. Where this prevails, we see no reason to compel production of any documents other than the T-letter and the accompanying workpapers of the revenue agent. Here the T-letter and workpapers consist primarily of facts and figures, while reflecting personalized and judgmental comments only to the extent of how and why certain mathematical computations were arrived at. Petitioner can use this information to present its case-in-chief. We fail to see how the exposure of this information to petitioner will necessarily cause adverse public opinion or thwart effective operations of the Internal Revenue Service requiring free and candid expression of reasoning, opinions, and conclusions. Under the particular facts of this case, evidencing a *compelling* need by petitioner to effectively present its case on the bad debt reserve issue, we will not sustain respondent's objection to the production of the T-letter portions of the revenue agent's reports and related audit workpapers. See also *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 n. 16 (1975). However, there is no similar compelling need shown which requires production by respondent of the district conferee, memoranda of conference, or appellate conferee reports which contain no new facts or conclusions on the bad debt reserve issue. Accordingly, we will sustain respondent's objection to their production on the ground of governmental privilege.

Respondent's fifth objection is that the relevancy of the requested documents has not been established by petitioner. As to the T-letters and the audit workpapers of the revenue agent, we find this objection unsupported by the exhibits submitted for our in camera inspection. These documents contain information highly relevant to petitioner's case, particularly on the bad debt reserve issue. We need not decide whether the relevancy of the district conferee's report, appellate conferee's report, or

memoranda of conference, has been established since we have concluded that they are protected from discovery in this case by governmental privilege.

To summarize, we sustain respondent's objection to production of the reports of the district conferee, the appellate conferee, and memoranda of conference on the sole ground that they are protected from discovery by governmental privilege. On the other hand, we hold that the petitioner is entitled to inspect and copy the T-letters and audit workpapers prepared by the revenue agent because it has shown a compelling need for data contained therein in view of its heavy burden of proof on the bad debt reserve issue.

A separate objection to production is raised by respondent with respect to the request for each and every other document prepared by respondent's employees in the audit of petitioner's tax returns for the years in issue. Respondent contends that this request is so broad, vague, and ambiguous that he cannot comply. He also contends that these remaining documents in its administrative file are not relevant to the development of the facts in petitioner's case.

Rule 72(b) sets forth the procedure to be used thereunder by a requesting party. It provides in part: "The request shall set forth the items to be inspected, either by individual item or by category, and describe each item and category *with reasonable particularity.*" (Emphasis supplied.) Petitioner clearly has not set forth its request in terms of individual items. Moreover, the only "category" utilized to describe the requested documents is by way of association with respondent's audit of petitioner's relevant tax returns. We find such a description by association too broad, vague, and ambiguous to meet the requirement of Rule 72 that all requests thereunder be categorized with "reasonable particularity." Certainly there are more specific delineations available to a requesting party. In addition to the lack of particularized description, we are not persuaded that "each and every other document" prepared by respondent's employees in auditing petitioner's returns is necessarily relevant to the ultimate issues framed by the pleadings in this case. Documents concerning issues resolved between and agreed upon by the parties prior to the issuance of the statutory notice of deficiency and the filing of the petition herein are not now relevant to the

case before this Court. Other documents contained in the administrative file may well be irrelevant to the instant case.

Therefore, we will sustain respondent's objection to petitioner's motion to produce each and every other document in its administrative file compiled in this case.

*An appropriate order will be entered.*