ESTATE OF WILLIAM D. BENHAM, DECEASED, ELOISE S. BENHAM, and THE BANK OF VIRGINIA TRUST COMPANY, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Benham v. Commissioner
Docket No. 16224-80.
United States Tax Court
T.C. Memo 1981-426; 1981 Tax Ct. Memo LEXIS 319; 42 T.C.M. (CCH) 652; T.C.M. (RIA) 81426; August 12, 1981. Ralph E. Mirarchi, for the petitioner. Howard Philip Newman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: [1] This case was assigned to Special Trial Judge Fred R. Tansill for the purpose of conducting the hearing and ruling on petitioner's motion to compel the production of documents. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case is presently before the Court on petitioner's motion to compel the production of documents, filed on May 29, 1981, pursuant to Rule 72, *320 Tax Court Rules of Practice and Procedure.[2]
Petitioner is the estate of William D. Benham, deceased, represented by its co-executors, Eloise S. Benham and The Bank of Virginia Trust Company. William D. Benham died on February 6, 1977, as a result of a skiing accident, and a timely federal estate tax return was filed for his estate. On July 1, 1980, respondent issued a notice of deficiency, addressed to Eloise S. Benham, Executrix, 6501 Walters Wood Drive, Falls Church, Va. 22044 and to The Bank of Virginia Trust Company, Co-Executor, 5205 Leesburg Pike, Falls Church, Virginia 22043, in which he determined a $ 55,935.81 deficiency in the federal estate tax due from decedent's estate. The adjustments contained therein reflected a determination by respondent to include in the decedent's gross estate the proceeds of two life insurance policies as constituting assets which were transferred in contemplation of death under section 2035. [3] The policies in question were transferred in 1975 to the decedent's wife as owner and beneficiary. *321 Prior to March 27, 1981, petitioner submitted informal requests to respondent for full and complete copies of the report prepared by the estate tax agent who investigated the circumstances surrounding the transfers and decedent's death, and of the report prepared by the Appellate Conferee who summarized the report of the Estate Tax Agent, analyzed the law applicable to the facts, and made a recommendation with respect to a settlement offer. In response to petitioner's request, respondent transmitted only the factual portion of the estate tax agent's report and refused, on the ground of government privilege, to transmit the remaining portion of the agent's report, which consisted of his deliberations, and the Appellate Conferee's report. On March 27 petitioner served on respondent, pursuant to Rule 72, a first request for the production of full and complete copies of the aforementioned documents. Respondent again refused this request on the basis of government privilege. Upon failure of respondent to produce these documents petitioner filed a motion to compel their production. Based on our holdings in P.T. & L. Construction Co. v. Commissioner, 63 T.C. 404 (1974), *322 and Branerton Corp. v. Commissioner, 64 T.C. 191 (1975), respondent argues that the matters sought to be discovered by petitioner are subject to government privilege and, therefore, are expressly outside the scope of discovery as defined in Rule 70(b). [4]
In P.T. & L. Construction Co., supra, the taxpayer sought to compel discovery of the reports prepared by respondent's special agent and Appellate Conferee. In response to the government privilege objection raised by respondent in that case, we stated that the privilege was qualified and required balancing the gravity of the taxpayer's need for disclosure against the detrimental effects upon the policy objective of encouraging efficient government by fostering free and candid expression by government officials on matters involving governmental policy and decision making. Concluding that the privilege extends to the more personalized, judgmental type of statement that might cause *323 adverse public opinion, we held that the portion of the special agent's report which consisted of his recommendations and deliberations, wherein no new facts were recited, was privileged and not within the scope of discovery. In contrast, we refused to extend the privilege to the portion of the agent's report containing his factual recitations and inferences, or to the Appellate Conferee's report which because of its nature we deemed irrelevant to the development of the facts in the case. In the instant case, we are persuaded that respondent has already given to petitioner those portions of the estate tax agent's report containing all factual matters and only the agent's recommendations and deliberations remain undisclosed. On the authority of P.T. & L. Construction Co., supra, we hold that the remaining undisclosed portion of the agent's report and the full Appellate Conferee's report are privileged and not within the scope of discovery. Petitioner argues, however, that this case, like Branerton Corp. v. Commissioner, 64 T.C. 191 (1975), presents a situation where petitioner's need for information outweights the need of respondent to protect the documents *324 requested from disclosure. In Branerton, supra, part of the taxpayer's deficiency was based upon the mathematical method utilized by respondent's agents to calculate an allowable bad debt reserve. The taxpayer's burden of proof on the bad debt reserve issue could be met if it showed that the exact mathematical method used by respondent's agents was unwarranted and an abuse of discretion. Mindful of this heavy burden of proof, we held that the need for information concerning the procedure utilized by respondent in disallowing the claimed bad debt reserve outweighed respondent's need to protect the revenue agent's transmittal letter and workpapers from disclosure. Those documents consisted primarily of facts and figures, while reflecting personalized and judgmental comments only to the extent of how and why certain mathematical computations were arrived at. In the instant case, however, the nature of petitioner's burden of proof is distinguishable from that of the taxpayer in Branerton and does not justify circumventing the protection of intra-governmental candor against adverse public opinion. Petitioner's burden of proof relates to proving facts accessible *325 to both parties, which tend to prove life motives and rebut the presumption under section 2035. Resolution of the issue involves a reasonable interpretation of the facts. In contrast, the burden of proof of the taxpayer in Branerton Corp. required a showing that respondent's use of a particular mathematical formula in calculating the taxpayer's bad debt reserve was unwarranted. Only respondent had access to the formula which was critical in his determination to disallow the claimed reserve. Thus, we find the instant case does not present another exception to our general rule of refusal to look behind the deficiency notice to examine the propriety of respondent's administrative policy and procedures. Cf. Branerton Corp. v. Commissioner, 64 T.C. 191 (1975). Accordingly, neither the remaining portion of the estate tax agent's report nor the full report of the Appellate Conferee are discoverable insofar as they are subject to a government privilege. Petitioner's motion to compel production of the documents will be denied. An appropriate order will be entered. Footnotes
1. This case was assigned by Court order of assignment dated July 1, 1981, for the purpose of conducting a hearing on petitioner's motion to compel the production of documents.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. Rule 70. GENERAL PROVISIONS (b) Scope of Discovery: The information or response sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case.↩