ESTATE OF MILDRED HERSCHEDE JUNG, DECEASED, RUTH J. CONWAY, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Jung v. Commissioner
Docket No. 20221-88
United States Tax Court
T.C. Memo 1990-5; 1990 Tax Ct. Memo LEXIS 5; 58 T.C.M. (CCH) 1127; T.C.M. (RIA) 90005; January 3, 1990; As corrected January 11, 1990 Michael E. Neiheisell, for the petitioner. Joseph P. Grant, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for an Order Compelling the Petitioner to Produce Documents or to Impose Sanctions Under Rule 104. [1] This case was heard pursuant to section 7443A and Rule 180. FINDINGS OF FACT Petitioner in this case is the estate of Mildred Herschede Jung. At the time of filing the petition herein, the executrix resided at Cincinnati, Ohio. At the time of her death, *6 Mildred Herschede Jung (hereinafter decedent) owned 168,600 shares of Jung Corporation, a closely held corporation. At issue in this case is the value of that stock on the date of decedent's death. In December 1986, nearly 27 months after decedent's death, the assets of Jung Corporation were sold to a third party as a going concern. Respondent informally sought documents related to the sale of the corporation's business and other records of the corporation prepared after the date of decedent's death, but counsel for petitioner informed respondent that those documents would not be produced. Respondent also requested production of Federal income tax returns filed by petitioner and Federal income tax returns filed on behalf of Jung Corporation. Thereafter, respondent served his Request for Production of Documents and Interrogatories on counsel for petitioner. Petitioner objected to respondent's request for production of documents on several grounds, and respondent filed his motion for an order compelling production or for sanctions. Petitioner objected to the production of any documents created after decedent's date of death concerning the Jung Corporation, its subsidiaries, *7 and its shareholders on the grounds that they are irrelevant to valuation of the Jung Corporation and its stock at the date of her death, and they are not reasonably calculated to lead to the discovery of admissible evidence. Petitioner objected to producing copies of its Federal income tax returns on the grounds that the originals have previously been filed with respondent, they are in his possession, and they are not relevant. Petitioner objected to producing copies of the Federal income tax returns filed on behalf of Jung Corporation on the ground that they are not relevant. OPINION Rule 70 provides in part: (b) Scope of Discovery: (1) The information or response sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case. It is not ground for objection that the information or response sought will be inadmissible at the trial, if that information or response appears reasonably calculated to lead to discovery of admissible evidence, regardless of the burden of proof involved. * * * *8 "The standard of relevancy in a discovery action is liberal. Zaentz v. Commissioner, 73 T.C. 469, 471-472 (1979)." Rosenfeld v. Commissioner, 82 T.C. 105, 112 (1984). As the objecting party, petitioner bears the burden of establishing that its objections to respondent's request for production should be sustained by the Court. Rosenfeld v. Commissioner, supra at 112; Rutter v. Commissioner, 81 T.C. 937 (1983); Branerton Corp. v. Commissioner, 64 T.C. 191, 193 (1975); P.T. & L. Construction Co. v. Commissioner , 63 T.C. 404, 408 (1974). Respondent contends that evidence related to the sale of the assets of Jung Corporation as a going concern is relevant to valuation of the stock held by decedent at her death and relies on Estate of Hillebrandt v. Commissioner, T.C. Memo. 1986-560. In Hillebrandt, we held that a sale of property after the date of death may be considered evidence of the property's value at the date of death so long as it occurs within a reasonable time after death and intervening events *9 have not changed the value of the property. Sales occurring after the date of decedent's death are relevant and do not fall within the normal proscription against consideration of events subsequent to the valuation date. First Nat. Bank of Kenosha v. United States, 763 F.2d 891 (7th Cir. 1985). * * * [Estate of Hillebrandt v. Commissioner, supra.] [2]
Petitioner urges us to distinguish Hillebrandt and similar cases on the ground that the property to be valued was real property, which is *10 "unique." We are not persuaded that the type of property being valued, stock in a closely held corporation as opposed to real estate, requires us to reach a different result. This Court has previously held that: In determining the value of unlisted stocks, actual sales made in reasonable amounts at arm's length, in the normal course of business within a reasonable time before or after the valuation date are the best criteria of market value. Fitts' Estate v. Commissioner, 237 F.2d 729 (8th Cir. 1956). [Emphasis added.] Duncan Industries, Inc. v. Commissioner, 73 T.C. 266, 276 (1979). Thus, evidence related to a sale of corporate stock is not inadmissible simply because the sale occurred after the valuation date. Rather, the remoteness of the sale from the valuation date may be a factor in determining what weight to give the evidence. Although this case involves a sale of all the assets of a corporation as a going concern, and not a sale of corporate stock, the value of the underlying assets is relevant to a determination of the value of *11 shares of stock of a closely held corporation. See Hamm v. Commissioner, 325 F.2d 934, 938 (8th Cir. 1963), affg. a Memorandum Opinion of this Court. While there are obvious distinctions between a sale of a corporation's stock and a sale of its assets as a going concern, we are satisfied that either transaction could be relevant to a determination of the value of the corporation's stock. The cases discussed above permitted the introduction of evidence at trial of sales of property subsequent to the valuation date. It follows, then, that the documents related to the sale of the business assets of Jung Corporation as a going concern satisfy the less stringent standard of relevancy applicable to discovery and must be produced by petitioner. Petitioner also objected to the production of any documents related to the Jung Corporation, its subsidiaries, and shareholders created after decedent's date of death, whether or not related to the post-valuation date sale of the corporation's assets. According to petitioner, such documents are "irrelevant to the current controversy and are not reasonably calculated to lead to the discovery of admissible evidence." As noted *12 above, the standard of relevancy where discovery is concerned is liberal. "Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner, supra at 471. Furthermore, material which would be helpful to the discovering party in understanding relevant material is also discoverable. P.T. & L. Construction Co. v. Commissioner, supra at 413-414. The value of the stock in Jung Corporation held by decedent at her death is a central issue in this proceeding. Since Jung Corporation was a closely held corporation with a limited market for its stock, valuation of the stock held by decedent will likely involve valuation of the corporation's assets. The financial statements, corporate minutes, and other documents requested by respondent are all calculated to provide insight into the business of the Jung Corporation and will aid respondent in understanding other information relevant to the value of the corporation's stock. Accordingly, we are of the opinion *13 that the Jung Corporation qualifies as part of the "subject matter" of this case, and the documents related to Jung Corporation requested by respondent, even those created after decedent's death, are discoverable as within the broad scope of Rule 70(b). In its response to the request for production, petitioner objected, "generally to providing any information subject to the attorney-client or work product privileges," and to "providing responses to the extent * * * inconsistent with the requirements of * * * Rules 70 and 72." A party objecting to a discovery request must establish that his objections should be sustained. Branerton Corp. v. Commissioner, supra at 192-193. "Mere conclusory statements alone are not sufficient to support an objection. P.T. & L. Construction Co. v. Commissioner, 63 T.C. 404, 408 (1974)." Rosenfeld v. Commissioner, supra at 111. Here, we are faced with something even less than conclusory statements. Except for petitioner's objections on the ground of relevancy discussed above, petitioner has made no *14 effort to show how respondent's discovery request is inconsistent with Rules 70 and 72. Petitioner has not only made no attempt to show how the attorney-client privilege applies to any of the documents requested by respondent, it has not asserted the privilege with respect to any specific document. A blanket claim of the privilege is not sufficient. Zaentz v. Commissioner, supra at 475. Similarly, petitioner's "general" objection based on the work product doctrine must fail, since petitioner has not demonstrated that any document requested by respondent was prepared in anticipation of litigation. See P.T. & L. Construction v. Commissioner, supra.
Petitioner objected to the production of Federal income tax returns filed by it on the grounds that the requested documents have been previously filed with the Internal Revenue Service and that the documents are "irrelevant to the current controversy." Respondent does not dispute that the requested Federal income tax returns were filed with the Internal Revenue Service. Respondent advised the Court that while he had requested and in fact received some of the returns, he sought the returns *15 through discovery in order to expedite the litigation. We believe that the requested returns are relevant. However, some time has passed since the discovery request made by respondent, and we assume that respondent's counsel now has all the Federal income tax returns required since they were requested from other components of the Internal Revenue Service. Accordingly, we will not order petitioner to produce copies of any Federal income tax returns previously filed. We will, however, order that petitioner produce the other documents requested by respondent. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The U.S. Court of Appeals for the Sixth Circuit, the court of appeals to which this case is appealable, held in Estate of Kaplin v. Commissioner, 748 F.2d 1109 (6th Cir. 1984), revg. and remanding a Memorandum Opinion of this Court, that the Tax Court erred in determining the fair market value of real property for gift tax purposes by not taking into account a sale of the property by the donee 2 years after the valuation date. We note that we are bound by the law of the circuit to which a case is appealable under Golsen v. Commissioner, 445 F.2d 985 (10th Cir. 1971), affg. 54 T.C. 742↩ (1970).