T.C. Memo. 2001-180


UNITED STATES TAX COURT


GARY GEALER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8232-99.                          Filed July 20, 2001.


<u>Lon B. Isaacson</u>, for petitioner.

<u>Irene Scott Carroll</u> and <u>Gary M. Slavett</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b)(5) in effect when this case commenced, and Rules 180, 181, and 183.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The Court agrees with and

adopts the opinion of the Special Trial Judge which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge:  This case is before the Court pursuant to petitioner's motion for administrative and litigation costs under section 7430 and Rules 230 through 232.

Petitioner seeks to recover administrative and litigation costs of $237,618.15, allegedly incurred in contesting respondent's determination of an income tax deficiency of $36,565 and a penalty of $7,313 for the taxable year 1995.

Petitioner filed his motion for administrative and litigation costs on March 2, 2000.  Respondent filed an objection to petitioner's motion, petitioner filed a reply to respondent's objection, and respondent filed a response to petitioner's reply.

In accordance with Rule 232(a), we will dispose of the motion before us without a hearing.  Accordingly, we rule on petitioner's motion on the basis of the parties' submissions and the record in this case.  The underlying issues raised in the petition were settled by a stipulation of settlement.

## Background

At the time the petition in this case was filed, petitioner resided in Los Angeles, California.

Much of the $237,618.15 of administrative and litigation costs petitioner seeks and much of the voluminous record do not

relate to the matter to be decided by this Court but instead relate to work done by petitioner's attorneys with regard to petitioner's attempts to participate in the audit of The Fourth Dreamer, Inc., related litigation in the District Court, and an appeal arising out of the District Court litigation.

We set forth the facts which are relevant to the decision of this Court. From 1994 until December 1995, petitioner was a 50-percent shareholder of The Fourth Dreamer, a C corporation engaged in the sale of golf clubs and sportswear. The other 50-percent shareholder was Michael Weiner (Weiner).

In February 1997, respondent began an audit of The Fourth Dreamer for the fiscal year ending May 31, 1995. Weiner informed petitioner about the audit. A dispute arose as to who could properly represent The Fourth Dreamer in audit. Respondent took the position that return information of The Fourth Dreamer could not be disclosed to petitioner under section 6103(a) because petitioner did not have a material interest under section 6103(e)(1)(D)(iii).

Petitioner asked Weiner if he could examine and copy all the records of The Fourth Dreamer and promised to return them within a few days. Weiner allowed petitioner to take the records, but petitioner failed to return them to him, notwithstanding numerous requests to have them returned.

On June 17, 1997, the Internal Revenue Service (IRS) was

notified that petitioner, after being told of the corporate audit, had taken the records relating to the audit. The IRS requested the records from petitioner. The records were not given to the IRS or Weiner. On June 23, 1997, the IRS issued a summons to petitioner for the records of The Fourth Dreamer. On July 3, 1997, petitioner filed a motion to quash the summons in the District Court. On February 26, 1998, the District Court dismissed petitioner's motion to quash.

On March 19, 1998, a second summons filed by respondent requested the books and records of The Fourth Dreamer for the fiscal years ending May 31, 1995 and 1996. Petitioner filed a new motion to quash the summons on March 31, 1998. The District Court dismissed the motion with prejudice on July 1, 1998.

In July 1998, respondent began to audit petitioner's 1995 income tax return. On August 12, 1998, respondent requested that petitioner appear on August 31, 1998, to give testimony and produce the records of The Fourth Dreamer requested in the summons. Petitioner declined because he was involved in an appeal arising out of the District Court litigation.

Respondent offered petitioner a conference with respect to his audit on or before November 17, 1998. That date was set because the period of limitations was running. A letter from the IRS suggested that someone representing petitioner meet with the IRS by November 17, 1998, or, in the alternative, that petitioner

sign an extension of the limitations period.

On November 4, 1998, on the basis of the IRS's understanding that there would be no meeting before November 17, 1998, the audit file was forwarded to the review section because the period of limitations was running. The notice of deficiency for petitioner's 1995 tax year was issued on February 2, 1999.

Respondent determined a deficiency of $36,565 in petitioner's 1995 Federal income tax and a section 6662(a) penalty of $7,313. The adjustments contained in the notice of deficiency resulted primarily from respondent's determination that $104,582 of expenses paid by The Fourth Dreamer were personal and benefited petitioner and thereby constituted constructive dividend income to him. The notice stated that petitioner did not provide any information to substantiate whether the expenses deducted on the corporate return were personal or business related and that no books or records for the corporation were provided. Adjustments were made to petitioner's personal exemption and itemized and standard deductions.

On April 16, 1999, the District Court ordered petitioner to provide the information requested in the second summons. Petitioner finally began to do so on or about April 29, 1999.

Petitioner claimed in his petition to this Court that the business deductions claimed by The Fourth Dreamer were legitimate business deductions. He further claimed that he was denied an

opportunity to explain and provide documentation establishing the legitimacy and deductibility of the expenses.

On August 20, 1999, this Court set the case on a January 24, 2000, trial calendar at Los Angeles.

On October 14, 1999, respondent sent a "Branerton" letter, see Branerton v. Commissioner, 64 T.C. 191 (1975), to petitioner's representative requesting that additional information necessary for respondent to analyze the constructive dividend issue be sent by November 3, 1999. No response was received by November 3, 1999.

Around December 3, 1999, petitioner's counsel served formal discovery requests on respondent. Respondent objected to petitioner's use of formal discovery without using informal discovery first, but responded to two of the three requests.

On December 10, 1999, respondent requested that the parties meet. The meeting was set for January 2000. On December 13, 1999, respondent received the additional information from petitioner that had been requested on October 14, 1999. On January 14, 2000, petitioner's representative and respondent met. On January 19, 2000, respondent agreed to concede the case.

The Court entered an agreed decision document in this case on January 31, 2000. On March 2, 2000, the Court received petitioner's motion for litigation and administrative costs. Consequently, the Court sua sponte vacated the agreed decision,

filed the decision as a stipulation of settled issues, and filed petitioner's motion.

## Discussion

Under section 7430, a taxpayer may be awarded a judgment for reasonable administrative and litigation costs if the taxpayer establishes that he was the prevailing party, unless the Commissioner establishes that the Commissioner's position was substantially justified. Sec. 7430(c)(4)(A) and (B).

We review the Commissioner's position as of the earlier of the date of the receipt by the taxpayer of the notice of decision by the Office of Appeals or the date of the notice of deficiency to determine whether the Commissioner was substantially justified with respect to the recovery of administrative costs. Sec. 7430(c)(7)(B). In deciding the merits of a motion for litigation costs, we consider the reasonableness of the Commissioner's position from the date the answer to the petition was filed. Sec. 7430(c)(7)(A); Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991). We consider the reasonableness of each of these positions separately. Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part, revg. in part and remanding on other issues T.C. Memo. 1991-144.

Whether the Commissioner's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents

relating to the case.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, supra at 565.  The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained."  Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Deciding whether the Commissioner's position and conduct were reasonable necessarily requires considering the facts available to the Commissioner at that time.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  The fact that the Commissioner eventually loses or concedes a case does not establish an unreasonable position.  Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

Respondent's position in the notice of deficiency and in the answer was that The Fourth Dreamer had unsubstantiated expenditures which, because they were not proven to be ordinary and necessary business expenses, inured to the benefit of the two shareholders of record in 1995, one of whom was petitioner. Petitioner claims that, to have been substantially justified in his position, respondent must have been able to prove that petitioner actually received benefits which were constructive dividends from The Fourth Dreamer.

Under section 61(a)(7), gross income includes the receipt of any dividend. A dividend is defined in section 316(a) as "any distribution of property made by a corporation to its shareholders". There is no requirement that the dividend be formally declared or even intended by the corporation. Loftin & Woodward, Inc. v. United States, 577 F.2d 1206, 1214 (5th Cir. 1978). It is well settled that expenditures made by a corporation for the personal benefit of a shareholder are constructive distributions to the shareholder in amounts equal to the fair value of the benefits involved. Roy v. Commissioner, T.C. Memo. 1997-562, affd. without published opinion 182 F.3d 927 (9th Cir. 1999); Halpern v. Commissioner, T.C. Memo. 1982-31. The test for constructive dividends is twofold: The expenses must be nondeductible to the corporation, and they must represent some economic gain, benefit, or income to the taxpayer. Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1191 (9th Cir. 1984). The mere fact that expenses have been disallowed as deductions to the corporation does not necessarily make the payments constructive dividend income to the shareholder under section 61(a)(7). Erickson v. Commissioner, 598 F.2d 525, 531 (9th Cir. 1979), affg. in part and revg. in part T.C. Memo. 1976-147; Ashby v. Commissioner, 50 T.C. 409, 418 (1968); Donnelly v. Commissioner, T.C. Memo. 1974-226. However, if this Court found that it was impossible to determine whether the disallowed

expenses were ordinary business expenses or constructive dividends because of the inadequacy of the record, we could find that the expenses were for the benefit of the taxpayer. Halpern v. Commissioner, supra; Donnelly v. Commissioner, supra.

It is well established that taxpayers must keep permanent records sufficient to establish gross income, deductions, or other matters required to be shown on the return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In this case petitioner took the records of The Fourth Dreamer and would not give them to respondent, even after respondent made requests and filed two summonses. While petitioner contends that he offered to give the records to respondent, the offers to provide the records were contingent on petitioner's receiving information that respondent believed petitioner was not allowed to receive under section 6103(a).

Because The Fourth Dreamer could not substantiate the expenses as ordinary and necessary business expenses, respondent was justified in contending that the expenses were not made for business purposes. Donnelly v. Commissioner, supra. It was not unreasonable for respondent to determine that if the expenditures were not for business purposes, then the expenditures probably inured to the benefit of the two shareholders equally. Respondent based that determination on the general principle that a taxpayer who fails to produce evidence within his possession

has evidence which is not favorable to him.  Recklitis v. Commissioner, 91 T.C. 874, 890 (1988); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).  We find that respondent's position was substantially justified during the time petitioner failed to produce evidence to substantiate the expenditures of The Fourth Dreamer.  Mills v. Commissioner, T.C. Memo. 1999-60; Cooper v. Commissioner, T.C. Memo. 1999-6.

With regard to the administrative costs, we examine the period beginning at the time respondent issued the notice of deficiency to petitioner on February 2, 1999, the relevant date in this case.  At that time respondent had not received any records from petitioner that would substantiate the business expenses of The Fourth Dreamer and corroborate that petitioner had no constructive dividends.  Petitioner had repeatedly refused to provide respondent with the records of The Fourth Dreamer since June 1997.  On April 29, 1999, petitioner began to provide the requested information.  We find that respondent's position throughout that period was substantially justified.

With respect to the litigation costs, respondent filed his answer on July 1, 1999.  Respondent agreed to concede the case on January 19, 2000.  Petitioner contends that respondent had all the information upon which to base a concession by April 29,

1999, and respondent's position was therefore not substantially justified.

Whenever there is a factual determination, the Commissioner is not obliged to concede a case until the Commissioner receives the necessary documentation which proves the taxpayer's contentions. Brice v. Commissioner, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991); Currie v. Commissioner, T.C. Memo. 1989-23. Moreover, after the documentation is received, the Commissioner is provided a reasonable period of time in which to analyze it and modify his position accordingly. Sokol v. Commissioner, 92 T.C. at 765-766.

Here respondent first had to analyze the documentation with regard to the pending trial for The Fourth Dreamer. Respondent had the information in his possession for 2 months and was in the process of reviewing the material with regard to the corporate return when the answer was filed in this case. At that time the records were associated with The Fourth Dreamer audit. Moreover, respondent requested further information relating to the constructive dividend issue in October 1999 and did not receive that information until December 1999, only a month before respondent conceded the constructive dividend issue and related issues. Respondent was entitled to a reasonable amount of time to review the documents and other information. Under the circumstances we find that the period of review was reasonable

and that respondent's position was substantially justified during that time.  <u>Harrison v. Commissioner</u>, 854 F.2d 263 (7th Cir. 1988) (concession about 6 months after the answer was filed, after the Government had an opportunity to verify information, held reasonable), affg. T.C. Memo. 1987-52; <u>Ashburn v. United States</u>, 740 F.2d 843 (11th Cir. 1984) (11-month delay in conceding case not unreasonable).

Because respondent's position was substantially justified throughout these proceedings, it is not necessary to address the remaining issues under section 7430.  Therefore, we shall deny petitioner's motion for administrative and litigation costs.

To the extent that we have not addressed all of petitioner's arguments in this voluminous record, we have considered them and conclude they are without merit.  We note that if petitioner had given respondent the corporate books and records when he was initially asked for them, even though he believed he should not have been excluded from the audit of The Fourth Dreamer, he would have had fewer legal fees and no deficiency would have been determined against him.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.