(637 P.2d 431)

No. 52,441

INDEPENDENT MANUFACTURING CO., INC., *Appellant,* v. McGRAW-EDISON COMPANY, LOWMASTER ENGINEERING COMPANY, OAK INDUSTRIES, INC., GENERAL ELECTRIC CORPORATION, SUPERIOR SUPPLY COMPANY, and UNDERWRITER'S LABORATORIES, INC., *Appellees.*

Opinion filed December 3, 1981.

*Randall D. Palmer,* of Pittsburg, for the appellant.

*Thomas A. DeVore* of Hall, Levy, Lively, Viets & DeVore, P.A., of Coffeyville, for the appellee McGraw-Edison Company.

*Nelson E. Toburen* of Wilbert, Towner, Lassman, Toburen, Fleming & Wachter, of Pittsburg, for the appellee Lowmaster Engineering Company.

*Christopher Randall* of Turner & Boisseau, Chartered, of Wichita, for the appellee Oak Industries, Inc.

*Richard Ewy* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for the appellee General Electric Corporation.

*Charles E. Henshall* of Henshall, Pennington & Brazil, of Chanute, for the appellee Superior Supply Company.

*Rex A. Lafferty,* of Fredonia, for the appellee Underwriter's Laboratories, Inc.

Before JUSTICE MCFARLAND, presiding, SPENCER, J., and MARVIN O. BRUMMETT, District Judge Retired, assigned.

SPENCER, J.: This is an appeal from an order dismissing with prejudice plaintiff's products liability action because of failure to comply with discovery orders. Error is asserted in (1) ordering plaintiff to produce two reports prepared by experts hired to investigate the cause of a fire, without affording the protective measures of K.S.A. 60-226(*b*)(4); and (2) dismissing plaintiff's action with prejudice for failure to comply with discovery orders concerning those reports, and in assessing attorney fees.

On the morning of January 16, 1977, a fire occurred at plaintiff's manufacturing plant in Neodesha, Kansas. Shortly thereafter, the insurance companies involved engaged Engineering Associates of Hutchinson to investigate the cause. On February 25, 1978, Engineering Associates completed its initial report and on August 29, 1978, completed a revised report. Both were sent directly to one Harry Graves, an independent insurance adjuster who had been assigned responsibility for coordinating the investigation.

This action was filed January 11, 1979. On January 29, 1979, defendants filed notice to take the deposition of Graves and served a subpoena duces tecum for production of his investigative file, which included the reports of Engineering Associates. This deposition was to be taken on February 9, 1979. On February 8, 1979, plaintiff filed a "Motion for Protective Order," asking the court to invoke the provisions of K.S.A. 60-226(*b*)(3) and (4). In the course of taking the deposition on February 9th, plaintiff's counsel refused to allow Graves to produce any of his investigative file or to answer questions regarding the reports prepared by Engineering Associates. Graves testified, however, that his file contained the two reports.

Following the Graves' deposition, defendants filed with the court a request that plaintiff produce the entire file of the insurance adjuster, including the reports of Engineering Associates. On May 3, 1979, the court heard arguments on plaintiff's motion for protective order and considered defendants' request for production of documents. Plaintiff argued the reports prepared by Engineering Associates were not generally discoverable in that they were prepared in anticipation of litigation.

Under date of May 18, 1979, the court ruled that, in light of the then recent decision of *Henry Enterprises, Inc. v. Smith,* 225 Kan. 615, 592 P.2d 915 (1979), all reports prepared by Engineering Associates were discoverable and that "all documents containing reports and opinions of experts" were to be made available to all defense counsel.

On July 10, 1979, defendants filed their motion to dismiss plaintiff's action because of plaintiff's refusal to allow them to inspect and copy the documents in accordance with the order of May 18, 1979. On August 10, 1979, plaintiff filed a motion to clarify or reconsider the court order of May 18, 1979. These motions were taken under advisement and on December 17, 1979, the court ruled the expert's reports sought to be discovered were the product of plaintiff's ordinary course of business and not made in anticipation or development of litigation or for trial; that K.S.A. 60-226(*b*)(4) had no application; that the order of May 18, 1979, was correct and should not be disturbed; and denied plaintiff's motion to clarify or reconsider. The court by that order also declined to dismiss plaintiff's action, noting the severity of such a sanction, but ordered plaintiff to pay to each defendant the sum of $300 to defray legal expenses arising out of plaintiff's failure to comply with the order of May 18, 1979. Finally, the court ordered that the "entire report" of Engineering Associates be made available to all defendants on or before January 2, 1980, "on the condition that plaintiff's failure to so deliver will result in the entire action being dismissed on said date."

By January 2, 1980, plaintiff had made available the report of February 25 but not that of August 29, 1978. On January 3, 1980, plaintiff filed a motion for "partial modification" of the order of December 17, 1979, asserting the court was without jurisdiction to impose the sanction of attorney fees in connection with defendants' motion to dismiss filed pursuant to K.S.A. 60-241(*b*).

Plaintiff waived argument on this motion but submitted a memorandum in support of the motion. An order denying that motion was entered January 18, 1980.

Because of plaintiff's failure to comply with the order of December 17, 1979, defendants in June, 1980, again moved to dismiss. When the motion was presented, plaintiff's counsel admitted the revised report had been deliberately excluded from documents produced on January 2, 1980. His primary reason for not producing the document was his opinion that he had not been afforded the protection of K.S.A. 60-226(*b*). He stated to the court that he "did not consider [the court's] order as going to anything other than the initial report . . . ." The court found that plaintiff's counsel could not have been mistaken as to the character of the revised report and the fact that it was included in the order of December 17, 1979. The court noted the "drastic" nature of a dismissal for failure to comply with discovery, but concluded dismissal was nevertheless warranted.

Plaintiff continues his argument before this court that it was error not to invoke the provisions of K.S.A. 60-226(*b*)(4) as a prerequisite to the requirement that the two reports be made available to defendants. K.S.A. 60-226(*b*)(4) provides in part:

"Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subsection (*b*)(1) of this section and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows . . . ."

In *Henry Enterprises, Inc. v. Smith,* 225 Kan. 615, Syl. ¶ 1, it was held:

"The initial investigation of a potential claim, made by an insurance company prior to the commencement of litigation and not requested by or made under the guidance of counsel, is made in the ordinary course of business of the insurance company, and not 'in anticipation of litigation or for trial' as those terms are used in K.S.A. 60-226(*b*)(3)."

Plaintiff would distinguish *Henry* solely on the basis that it concerned a statement taken by an insurance adjuster, whereas here we are concerned with expert opinion in the form of written reports.

In *Henry,* the court relied in part on *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (N.D. Ill. 1972), in which the issue was whether certain documents were prepared in anticipation of litigation, as that phrase is used in "subsections

(b)(3) and (b)(4) of Rule 26," our own K.S.A. 60-226(*b*)(3) and (4). In *Thomas* it was stated:

"*[A]ny* report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26 (b)(3) and (b)(4)." 54 F.R.D. at 372.

Thus, interpretation in *Henry* of the phrase "in anticipation of litigation or for trial," as used in 60-226(*b*)(3), is equally applicable to those terms as employed in (*b*)(4). In short, the substance of items sought to be discovered does not alter the test to be applied in determining whether matters are generally discoverable [K.S.A. 60-226(*b*)(1)] or entitled to some measure of privilege and protection [K.S.A. 60-226(*b*)(3) and (4)]. See *Alseike v. Miller,* 196 Kan. 547, 412 P.2d 1007 (1966); Gard, *Survey of Kansas Law: Civil Procedure,* 17 Kan. L. Rev. 739 (1969).

Plaintiff nevertheless contends the reports were obtained in anticipation of litigation, noting that this action was thereafter filed. In *Henry* it was stated:

"We are not unmindful that, insofar as insurance companies, and particularly those in the casualty field, are concerned, litigation is a very real potential; it is ever on the horizon. But the fact remains that the investigation of potential claims is an integral part of the insuror's business. Investigations are made regularly and in the ordinary course of business. They are necessary if the companies are to make intelligent dispositions of claims. They are necessary also if the carrier is to perform adequately the duties and obligations towards its insureds which are imposed upon it by law. Also, most claims are settled, one way or another, without resort to the courts." 225 Kan. at 623.

This is equally applicable to claims which an insurer might make against third parties arising from its subrogation rights.

The court did not err in its finding that the reports here in question, which were made at the instigation of insurance companies prior to the commencement of litigation and neither requested by nor made under the guidance of counsel, were made in the ordinary course of business of the insurance companies involved and not in anticipation of litigation or for trial as used in 60-226(*b*), and are therefore generally discoverable.

Under the provisions of K.S.A. 60-237(*b*), if a party fails to permit discovery, having been ordered to do so, the judge before whom the action is pending may make such orders in regard to

that failure as are just, including dismissal of the action or rendering a judgment by default. In *Prather v. Olson,* 1 Kan. App. 2d 142, 147-148, 562 P.2d 142 (1977), it was stated:

"K.S.A. 60-237(*b*) authorizes a number of sanctions for the trial court's use against parties unjustifiably resisting discovery orders. Rendition of default judgment is one of them, respecting which, in *Lorson v. Falcon Coach, Inc.,* 214 Kan. 670, 522 P.2d 449, it was held:

'The sanction of judgment by default for refusal to make discovery under K.S.A. 60-237 is the most severe sanction which a court may impose and its use must be tempered by the careful exercise of judicial discretion to assure that imposition thereof is merited. However, where there is evidence that a party has acted in deliberate disregard of reasonable and necessary orders of a court, and where such party is afforded a hearing and an opportunity to offer evidence of excusable neglect, the imposition of a stringent sanction will not be disturbed.' (Syl. 3.)

"In *Vickers v. City of Kansas City,* 216 Kan. 84, 531 P.2d 113, it was further held:

'Where a party fails to comply with a production order in the course of discovery proceedings, the trial court is required in the exercise of its power of judicial discretion to determine which of the variety of available sanctions it will impose by its judgment. In making this determination the trial court should consider whether or not the documents to be produced go to a dispositive issue in the case, and whether the party seeking discovery may therefore be protected by the imposition of a sanction short of dismissal; and the court also should consider whether the party ordered to produce has failed to comply due to his inability to comply with the order, and not due to willfulness or bad faith.' (Syl. 7.)"

In the more recent decision of *Fields v. Stauffer Publications, Inc.,* 2 Kan. App. 2d 323, 578 P.2d 1138, *rev. denied* 225 Kan. 843 (1978), this court reiterated the principles set out in *Vickers, Lorson* and *Prather.* From those cases, *Fields* announced the following tests to aid in ascertaining whether a trial court has abused its discretion in granting default judgment for failure to comply with discovery orders: (1) whether the discoverable material goes to a dispositive issue in the case; (2) whether alternative sanctions sufficient to protect the party seeking discovery were available; (3) whether the requested information was merely cumulative or corroborative; and (4) whether a full hearing was afforded the party refusing to comply to enable him to show good faith or excusable neglect. These rules apply in the event of dismissal.

Here, the substance of the reports sought to be discovered went directly to the dispositive issue—whether the heating-air conditioning unit was the cause of the fire. Additionally, plaintiff was

afforded two full hearings to explain his failure to comply with the order. As to alternative sanctions, the court at the time of dismissal had already assessed attorney fees against plaintiff for failure to comply with the initial order of the court.

Finally, the trial court specifically warned plaintiff's counsel that such report was to be furnished on or before January 2, 1980, and that failure to do so would result in the "entire action being dismissed on said date." Despite this warning, plaintiff's counsel stalled in delivering the revised report until early July of 1980, and then only upon being prodded by defendants' motions to dismiss. As stated in *Fields:*

"Plaintiff was willfully in default and willfully continued to refuse . . . after being fully advised as to what the consequences would be if he persisted. The trial judge had no viable alternative to dismissing the action, and we find that the trial court did not abuse its discretion in dismissing the plaintiff's cause of action." 2 Kan. App. 2d at 330.

See also *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.,* 3 Kan. App. 2d 77, 589 P.2d 643, *rev. denied* 225 Kan. 844 (1979).

Plaintiff complains the trial court erred in requiring plaintiff to pay each defendant $300 to defray legal expenses arising out of plaintiff's failure to comply with the trial court's order of May 18, 1979.

Under the provisions of K.S.A. 60-237(*a*), it was within the prerogative of the court to order plaintiff to pay reasonable expenses incurred, including attorney fees, and we note that plaintiff challenged that order under date of January 3, 1980, by its motion for partial modification which was submitted with supporting memorandum, argument having been waived. We find no merit in this contention.

It is well established that dismissal of a cause of action is a drastic remedy to impose as a sanction for failure to permit discovery and should be used only in extreme circumstances. A court should impose sanctions which are designed to accomplish the objects of discovery and not for the purpose of punishment. *Fields,* 2 Kan. App. 2d at 328. We have reviewed this record carefully and are forced to the conclusion that plaintiff willfully refused to comply with the discovery order entered under date of May 18, 1979, and continued to refuse to comply with that order and the subsequent order of December 17, 1979, even though in

the latter plaintiff was specifically admonished that failure to comply would result in dismissal. We find no abuse of discretion.

Affirmed.