(665 P.2d 776)
No. 54,622

JOHN LOCKE, *Appellant,* v. KANSAS FIRE AND CASUALTY CO., ROBERT L. KITT, GAY AND TAYLOR, INC., and ABILENE INN, INC., *Appellees.*

Opinion filed June 30, 1983.

*George Rickey Robertson,* of Salina, for the appellant.

*Michael K. Seck* and *Larry G. Pepperdine* of Fisher, Patterson, Sayler & Smith, of Topeka, for the appellee Kansas Fire and Casualty Company.

*John D. Conderman* of Arthur, Green, Arthur & Conderman, of Manhattan, for the appellees Robert L. Kitt and Gay and Taylor, Inc.

*Robert Adrian* of King, Stokes, Nitz & Adrian, Chartered, of Salina, for the appellee Abilene Inn, Inc.

Before REES, P.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: Plaintiff has appealed from an order which dismissed this action without prejudice and which provided, as a condition to refiling, that he pay fees and expenses incurred by defendants, all as a sanction imposed pursuant to K.S.A. 60-237(d) for failure of plaintiff to attend his own deposition. The sole issue presented is whether doing so was an abuse of judicial discretion.

Plaintiff filed this action December 16, 1981, alleging a release from liability for personal injuries had been obtained through

fraud, overreaching, coercion and duress, and contrary to K.S.A. 60-2801. Abilene Inn, Inc., filed its answer January 5, 1982, and on that same date served interrogatories on plaintiff, which plaintiff answered and returned January 26, 1982. Kansas Fire and Casualty Company served interrogatories on plaintiff on January 8, 1982, and filed its answer January 11, 1982. Plaintiff responded to the interrogatories February 15, 1982. Defendants Gay and Taylor, Inc., and Robert L. Kitt joined in an answer filed January 22, 1982.

On February 1, 1982, a telephone discovery conference was conducted and a discovery cutoff date was established at June 1, 1982, a pretrial conference was scheduled for June 4, 1982, and the case was scheduled for jury trial on July 7, 1982.

On January 28, 1982, Abilene Inn, Inc., served notice that it would take plaintiff's deposition on March 4, 1982.

Under date of February 15, 1982, plaintiff's counsel wrote to the attorney for Abilene Inn, Inc., as follows:

"Please be advised that I have communicated your notice of deposition to Mr. Locke and he has informed me that he is *totally unable* to meet the March 4, 1982 date. He could be in Kansas sometime after April 10, 1982.

"Mr. Locke is a man without financial resources who is unable to work at most employments due to the physical injuries suffered in the fall at Abilene. He seems to be stranded in California at the present, but he assures me that he could be present after April 10, 1982. He understands his duty to appear and the consequences of not appearing on March 4, 1982. He would ask your cooperation and understanding in this matter and asks that the deposition be postponed.

"As legal counsel, I might suggest a deposition by written questions submitted in California."

This was followed by plaintiff's motion filed February 19, which over signature of counsel asserted:

"1) That all counsel had diligently tried to work out dates for plaintiff's deposition through the office of Clarence L. King, Jr.

"2) That counsel for plaintiff had always indicated that plaintiff was:

a) Out of the State of Kansas until early April.

b) A man of few financial resources and he was unable to jaunt back and forth at defendants' whim.

c) A man in a deteriorating physical condition, unable to work; that such physical condition emanates out of the injury caused and enhanced by defendants.

"3) That counsel for plaintiff had agreed upon the date of April 8, 1982 for a deposition.

"4) That defendant's counsel, Clarence L. King, Jr., chose to ignore that agreement and ignored all courtesy and without contacting plaintiff's counsel set the deposition for March 4, 1982.

"5) That such date (March 4, 1982) is unacceptable to plaintiff and his counsel.

"6) That plaintiff is totally unable to appear on March 4, 1982 due to physical and financial reasons.

"7) That Clarence L. King, Jr., counsel for defendant Abilene Inn, is thoroughly aware of plaintiff's situation and has exacerbated it by being uncooperative and unresponsive to mutually agreeing upon a new date."

A hearing on that motion resulted in the following:

"NOW on this 22nd day of February, 1982 the above entitled matter comes on for hearing on the motion of the plaintiff objecting to the taking of the plaintiff's deposition on March 4, 1982. The Court, after hearing the arguments of counsel finds that the motion should be and the same is hereby overruled."

On February 25, 1982, counsel for plaintiff again wrote to the attorneys for defendants:

"Please be advised that I have informed my client as to Judge Hoobler's ruling as to the deposition on March 4, 1982. You are hereby notified that we are in no way refusing to be present on March 4. My client informs me that he will do his utmost to be here March 4; however, for your information reality may intervene and I will advise you as to the status of this matter prior to March 4 so that we will not waste valuable time if reality does, in fact, intervene."

and on March 2, 1982:

"Please be advised that on March 2, 1982, my client, John Locke, informed me that he will be unable to attend his deposition scheduled for March 4, 1982. His failure to attend is not a refusal, but is simply his inability to get to Salina for the deposition."

Plaintiff did not present himself on March 4. On March 8 and 10 defendants filed their motions requesting sanctions under K.S.A. 60-237(d) of dismissal with prejudice and other relief. Those motions were presented to the court on April 5, 1982, and were sustained except dismissal was without prejudice and, as a condition to refiling, plaintiff would be required to pay the following expenses incurred by defendants: Kansas Fire and Casualty, $1,611.28; Gay and Taylor, and Robert L. Kitt, $1,435.06; Abilene Inn, Inc., $1,471.22.

On April 14 plaintiff filed his motion for reconsideration of the order of April 5, with which he submitted his affidavit setting forth reasons why he had not been available for his deposition on March 4, and stating his willingness to be deposed on another date. In ruling on the motion, the court stated:

"I've considered the arguments of counsel, there is nothing new before the Court. The Court either made a bad mistake on April 5 or it did not. The only new

matter before the Court is the affidavit relating to the plaintiff's presenting himself here a matter of days following his default. I'm not going to review the problems that counsel and the Court were faced with the prosecution of this case by the plaintiff, no good purpose would be served by reviewing all of these matters which the Court considered on April 5th."

"The Court finds that while the Court has reconsidered its order, that the plaintiff's motion should be overruled and denied. The problem is that as the Court views this overall situation, the affidavit filed claimed to be proof of the plaintiff's good faith. In a considered opinion of the Court it does not do that, it does the opposite. It only confirms the lack of diligence and good faith in prosecuting the case by the plaintiff. . . ."

". . . The Court and counsel are faced with the problem of seeing that the litigation is prosecuted diligently. There's all kinds of problems. The Judge has the problem of running a court and manning the docket. In this case my opinion is no different than what it was before, that there has been the lack of diligence and good faith on the part of the plaintiff in prosecuting his own case."

## With reference to attorney fees, the court stated:

"The claim that the Court's order [in] allowing these rather substantial attorneys' fees constitutes a penalty, I suggest to the plaintiff that what it is is an illustration of the high cost of litigation. And if the end result of the Court's order is that it is a penalty, that is unfortunate, of course, but that it simply is a necessary consequence."

In *Binyon v. Nesseth,* 231 Kan. 381, 646 P.2d 1043 (1982), it is stated:

"Both Kansas appellate courts have recognized the severity of judgment by default as a sanction for failure to comply with discovery orders, and each court has emphasized the importance of careful exercise of judicial discretion before imposition of that sanction. [Citations omitted.]

"In its opinion reported in 7 Kan. App. 2d at 114-15, the Court of Appeals identified the prerequisites to imposition of the sanction of default. Those factors, enumerated below, aid an appellate court in determining whether a trial court abused its discretion in ordering default. (1) Was the discovery sought related to a dispositive issue? [Citation omitted.] (2) Was discovery not available by alternative means? Or could the party seeking discovery not be protected by imposition of another sanction? [Citation omitted.] (3) Was the defendant afforded a hearing at which he could have offered evidence of excusable neglect or good faith? [Citations omitted.]

"The standard of review on appeal is abuse of discretion. . . . 'Thus, the trial judge will be reversed only where no reasonable man would take the view adopted by the trial court.' " 231 Kan. at 383-84.

In *Independent Mfg. Co. v. McGraw-Edison Co.,* 6 Kan. App. 2d 982, Syl. ¶ 3, 637 P.2d 431 (1981), this court held:

"Under the provisions of K.S.A. 60-237(*b*), if a party fails to permit discovery, *having been ordered to do so,* the judge before whom the action is pending may

make such orders in regard to that failure as are just, including dismissal of the action or rendering a judgment by default." Emphasis added.

and noted:

"It is well established that dismissal of a cause of action is a drastic remedy to impose as a sanction for failure to permit discovery and should be used only in extreme circumstances. A court should impose sanctions which are designed to accomplish the objects of discovery and not for the purpose of punishment." 6 Kan. App. 2d at 988.

A finding of willfulness is not required for the imposition of sanctions under K.S.A. 60-237. However, dismissal of an action under the statute is not a proper sanction if failure to permit discovery was due to inability and not to willfulness or bad faith. *Vickers v. City of Kansas City*, 216 Kan. 84, 92-93, 531 P.2d 113 (1975).

"Rules of procedure are a means of attaining justice and not an end to justice. In final analysis, a court has a responsibility to do justice between man and man. General principles cannot justify denial of the parties their day in court except upon a serious showing of willful default." *Vickers*, 216 Kan. at 93.

Unfortunately, the record before us does not reveal what transpired on April 5, 1982, and the trial judge did not make findings of the controlling facts as anticipated by K.S.A. 60-252 and Supreme Court Rule No. 165 (230 Kan. lxxxix). Accordingly, this court is in the dark as to how a lack of diligence and good faith was displayed by plaintiff. What we have before us is a record which indicates the parties had been granted until June 1, 1982, to complete discovery; that plaintiff responded to written interrogatories in due course; that plaintiff, who on February 19, 1982, was in California, was unable to be in Kansas on March 4 of that year because of physical and financial reasons, and that defendants' counsel had been so informed; and that plaintiff proposed alternative dates for the taking of his deposition well before the time discovery was to have been completed. Aside from the statements of the trial judge, there is nothing in this record to indicate the statements and assertions made by plaintiff and his counsel were not accurate. Notwithstanding, plaintiff's case was dismissed three months and twenty days after it was filed, and as a condition to refiling he was ordered to pay defendants $4,517.56.

As it was plaintiff's deposition, we must assume the discovery sought related to dispositive issues; however, as there was never

an order entered compelling discovery, whether discovery was available by alternative means remains a mystery. All parties were fully aware of plaintiff's absence from the state on February 22, 1982, and that he asserted his inability to be present on March 4, 1982. All concerned had to be aware of plaintiff's proposal for an alternative date on which he could be deposed. Notwithstanding these facts as certified by plaintiff's counsel, plaintiff was not afforded a hearing at which he could have offered evidence of excusable neglect or good faith.

Although the provision for defendants' attorneys' fees and expenses was not an order to pay as anticipated by K.S.A. 60-237(b)(2), it was made a condition to the refiling of this case, which may well have made the order of dismissal one tantamount to being with prejudice. There is no evidence in this record to support any finding of proper fees and expenses incurred by defendants. We are satisfied that $4,517.56 is an amount far beyond reasonable expenses and fees which may have been caused by plaintiff's failure to attend his deposition on March 4.

We find the trial court abused its discretion in dismissing this action and in requiring payment of defendants' expenses, including attorney fees, as a condition to its being refiled.

The judgment of the trial court is reversed with directions to reinstate plaintiff's action.