(98 P.3d 660)
No. 91,126

CHRISTINA LARA, *Appellant*, v. GABRIEL VASQUEZ and AIU INSURANCE COMPANY, *Appellees*, and MICHAEL J. HERMANN, DC, and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *Appellees*, v. AIU INSURANCE COMPANY, *Appellee*.

Opinion filed October 8, 2004.

*Ryan Hodge,* of Wichita, for appellant.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee AIU Insurance Company.

Before MARQUARDT, P.J., HILL and McANANY, JJ.

MARQUARDT, J.: Christina Lara appeals the trial court's award of attorney fees to AIU Insurance Company (AIU), pursuant to the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* We reverse in part, dismiss in part, and remand with directions.

In January 2000, Lara was involved in a three-vehicle accident with Gabriel Vasquez. Vasquez was arrested for driving while under the influence of alcohol at the time of the accident. Lara suffered injuries to her cervical and thoracic spine and continues to suffer from numbness and pain in her back and neck.

In November 2000, Lara filed suit against Vasquez and AIU. The suit alleged that AIU breached its contract because it failed to pay Lara's personal injury protection (PIP) benefits after the accident.

Dr. Michael Hermann, Lara's chiropractor, had a PPO agreement with Preferred Chiropractic Care. The PPO agreement provided that Dr. Hermann would receive reduced compensation for some of his services.

Dr. Hermann filed suit against AIU to recover the unpaid balance of his charges for Lara's care. After meeting with Lara, Dr. Hermann consolidated his case with hers. The trial court bifurcated Lara's action against Vasquez from her action against AIU. Lara's action against Vasquez is not part of this appeal.

At the time of the accident, Lara owned an uninsured vehicle. Under Kansas law, the owner of an uninsured vehicle may not claim PIP benefits as a third-party beneficiary under another's PIP contract. *Dreiling v. State Farm Mut. Auto. Ins. Co.,* 227 Kan. 851, Syl. ¶ 2, 610 P.2d 611 (1980). At the time of the accident, Lara was driving her father's car.

Lara and Dr. Hermann filed a joint motion to dismiss their suit against AIU in December 2001. It was Lara's understanding that the case would be dismissed, there would be no more discovery, and no additional expenses would accrue. However, in January 2002, AIU filed a notice of claim for attorney fees pursuant to K.S.A. 40-3111(b).

AIU's attorney prepared a journal entry which included a statement that Lara was contesting the issue of attorney fees. AIU also attempted to establish a discovery schedule to take Dr. Hermann's

deposition and determine the appropriateness of an award of attorney fees. On January 14, 2002, Lara's counsel responded by indicating that he had forwarded the proposed journal entry to Dr. Hermann's counsel. However, Dr. Hermann failed to respond to the proposed journal entry.

When AIU did not receive a timely response to its interrogatories from Lara, AIU sent her a letter on February 4, 2002, stating that her interrogatory responses were out of time and requesting the answers be furnished within 10 days. Lara responded 7 days later, refusing to answer the interrogatories until after an April 5, 2002, hearing to settle the journal entry of dismissal.

In response to the deposition notice, Dr. Hermann sent a letter to AIU on March 13, 2002, stating that he would not be available at the scheduled time. Lara sent a notice to AIU stating that she did not believe further discovery was necessary given the proposed dismissal of the case.

In March 2002, AIU filed motions for default judgment as to Lara and Dr. Hermann on the issue of attorney fees, alleging that they had failed to respond to discovery. The trial court granted default judgment and stated that the amount of fees would be determined at a later date. However, no journal entry of dismissal had been signed or filed due to the disagreement over the terms.

Lara filed a motion to reconsider, which was denied. In July 2003, the trial court ordered Lara to pay $16,848 for AIU's attorney fees. Lara timely appeals.

### Discovery Sanction

Lara argues that the testimony provided at the hearing to determine attorney fees was not sufficient to justify the award. Lara specifically challenges the testimony from AIU's counsel that he billed approximately 4,000 hours per year, which averages 12 hours per day, 7 days per week.

The reasonableness of attorney fees rests within the sound discretion of the trial court, and it can draw on its own knowledge and expertise in determining a reasonable amount. On appeal, the trial court's award will not be disturbed absent a showing of abuse

of discretion. *Johnson v. Westhoff Sand Co., Inc.,* 31 Kan. App. 2d 259, 274-75, 62 P.3d 685 (2003).

The trial court's grant of default judgment for attorney fees was, in essence, a discovery sanction. In general, an appellate court reviews a default judgment on an abuse of discretion standard. See *Binyon v. Nesseth,* 231 Kan. 381, 383, 646 P.2d 1043 (1982).

Default judgment for failure to comply with discovery orders is the ultimate sanction and should only be granted in the most extreme cases. In considering whether to grant a default judgment for failure to comply with discovery orders, the court must be extremely cautious in exercising its discretion. *Wenger v. Wenger,* 239 Kan. 56, 60, 716 P.2d 550 (1986).

K.S.A. 2003 Supp. 60-237(b)(2)(C) authorizes the trial court to grant a default judgment against a disobedient party. K.S.A. 2003 Supp. 60-237(d) governs the failure of a party to serve answers to interrogatories.

Where there is evidence that a party has acted in deliberate disregard of a reasonable and necessary order of the court, and where such party is afforded a hearing and an opportunity to offer evidence of excusable neglect, the imposition of a stringent sanction will not be disturbed. The sanction should be designed to accomplish the objects of discovery rather than for the purpose of punishment. *Shay v. Kansas Dept. of Transportation,* 265 Kan. 191, 194, 959 P.2d 849 (1998).

The questions this court considers when determining whether the trial court abused its discretion when granting default judgment for failure to comply with discovery orders are: (1) Does the discoverable material go to a dispositive issue in the case? (2) Are alternative sanctions sufficient to protect the party seeking discovery available? and (3) Is the requested information merely cumulative or corroborative? *Canaan v. Bartee,* 272 Kan. 720, 727, 35 P.3d 841 (2001). In the instant case, the trial court did not consider these questions. In addition, most of the cases in which a dismissal or a default judgment has been held to be a proper sanction involve parties who refuse or fail to follow a discovery order. See *Canaan,* 272 Kan. at 728.

Sanctions have only been imposed after a court order has been issued. See *Independent Mfg. Co. v. McGraw-Edison Co.*, 6 Kan. App. 2d 982, 986-87, 637 P.2d 431 (1981). K.S.A. 2003 Supp. 60-237(b)(1) allows a trial court to issue sanctions only after a party fails to provide discovery "after being directed to do so" by a judge. The record on appeal does not contain a court order requiring Lara to reply to the interrogatories. We agree with Lara that absent a discovery order, the trial court abused its discretion by entering the default judgment. The award of attorney fees to AIU is reversed.

### K.S.A. 40-3111(b)

AIU's notice of claim for attorney fees filed in January 2002, recited no facts and merely cited K.S.A. 40-3111(b). On appeal, Lara contends that a claim for attorney fees pursuant to K.S.A. 40-3111(b) must be pled as a separate cause of action under the rules of civil procedure requiring proof of liability, damages, and a counterclaim. We do not agree.

We note that as a matter of jurisdiction, Lara did not raise this issue before the trial court. Issues not raised before the trial court cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). This issue is not properly before this court and is dismissed.

The motion to settle the journal entry of dismissal was heard on March 6, 2002. After hearing very abbreviated arguments from the parties, the trial court said: "In the 00 C 3709, the motion for default judgment on the issue of attorney fees is sustained in that there is liability." When Lara's attorney asked, "Your Honor, just so I'm clear, is the Court granting judgment on attorney fees as to the failure to produce discovery or the entire case?" The trial court responded, "It's for the whole case." The trial court made no further explanation of the order. The proposed journal entry drafted by AIU states:

"Defendant's Motion for Judgment on defendant's claim for attorney's fees under K.S.A. 40-3111(b) is granted as to Lara's liability for the attorney's fees under that statute. The plaintiff, Lara, is precluded from taking the position that attorney's

fees are not owed under the statute for the bringing of the suit. The amount of fees will be determined by the Court after subsequent hearing."

The record on appeal is completely devoid of a factual finding by the trial court supporting the judgment for attorney fees. Therefore, the trial court's grant of attorney fees to AIU is reversed and the case is remanded to a different trial court judge for a hearing on whether attorney fees should be awarded and, if so, in what amount.

We reverse the trial court's award of attorney fees to AIU, remand the case with directions consistent with this opinion, and dismiss Lara's issue regarding attorney fee claims under K.S.A. 40-3111(b).

Reversed in part, dismissed in part, and remanded with directions.